C. BARNEY METZ, Circuit Clerk of St. Clair County, Appellant, v. THE ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Appellees.

Fifth District   No. 5—90—0531

Opinion filed July 16, 1992.

1080

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for petitioner Illinois State Labor Relations Board.

William K. Cavanagh, of Cavanagh, Hosteny & O'Hara, of Springfield, for other petitioner.

John Baricevic, State's Attorney, of Belleville, and Ivan L. Schraeder, Special Counsel, of St. Louis, Missouri, for respondent.

JUSTICE WELCH delivered the opinion of the court:

C. Barney Metz, circuit clerk of St. Clair County, Illinois (hereinafter respondent), appeals from the July 20, 1990, decision and order of the Illinois State Labor Relations Board (hereinafter the Board). On August 17, 1990, respondent filed with this court a petition for review of the Board's July 20, 1990, order, pursuant to provisions of Supreme Court Rule 335 (134 Ill. 2d R. 335). The Board filed a brief in response to respondent's petition for review, and the Teamsters, Automotive, Petroleum and Allied Trades Local Union No. 50 (hereinafter charging party) was granted leave by this court to adopt the brief and argument of the Board in this appeal. For reasons stated as follows, we affirm.

The record indicates that on January 11, 1990, a representative of the Teamsters Local Union No. 50 filed a charge with the Board against respondent, as employer. The basis of the charge was stated as follows:

"The above named employer has violated and continues to violate the [Illinois Public Labor Relations] Act by coercive measures, threats and intimidation by its refusal to allow employees to freely choose or not to choose a collective bargaining representative. The employer has ordered, mandated and directed certain employees, predetermining their status under

the Act and without a hearing or other due process measure, to refrain from any further participation in the Union campaign, attending union meetings or otherwise communicating with other bargaining unit personnel. The employers [*sic*] action by and through its authorized agent and representatives have [*sic*] had a chilling effect on the free exercise of rights guaranteed under the Act and the employers [*sic*] threats have undermined the intent of the Legislature."

After investigation by the Board of the charge, its executive director issued a complaint for hearing on March 27, 1990, alleging therein that respondent was engaged in unfair labor practices within the meaning of section 10(a)(1) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, pars. 1601 through 1627, as amended (hereinafter Act)).

The Board's complaint for hearing contained the following allegations:

"1) At all times material herein, Respondent has been a public employer within the meaning of Section[s] 3(o) and 20(b) of the Act.

2) At all times material herein, Charging Party has been a labor organization within the meaning of Section 3(i) of the Act.

3) On October 31, 1989, Charging Party filed a representation petition in Case Number S—RC—90—30 with the Board seeking to represent the following unit of Respondent's employees:

Included: All regular full employees and part-time employees of the employer, employed at the 10 Public Square, St Clair County Courthouse facility, including accountants, deputy supervisors, account clerks, deputy clerks, and cashiers.

Excluded: Guards, Supervisors and all others excluded by the Act.

4) At all times material herein, Ivan Schraeder has been Respondent's agent, authorized to act in its behalf.

5) In or about December, 1989 and January, 1990, Schraeder met collectively with certain members of the proposed unit petitioned for in Case Number S—RC—90—30, informing them that the Respondent viewed them as supervisors and that any involvement or activity directed toward assisting the union would be inappropriate and could result in termination of the offending employee.

6) In or about late December, 1989, Schraeder, in individual meetings, told certain members of the proposed unit petitioned for in Case Number S—RC—90—30, including Donna Wiggers, Sheri Rayfield and Deborah Roedershimer, that Respondent would discharge them if they assisted Charging Party in any way.

7) Wiggers, Rayfield, Roedershimer and the other employees Schraeder spoke to as described in paragraphs 5 and 6, are public employees as defined in Section 3(n) of the Act.

8) By its acts and conduct described in paragraphs 5 and 6, Respondent has interfered with, restrained, or coerced public employees in the exercise of rights guaranteed in this Act in violation of Section 10(a)(1) of the Act.

9) By its acts and conduct described in paragraphs 5 and 6, Respondent has discriminated against public employees in violation of Section[s] 10(a)(3), 10(a)(2) and 10(a)(1) of the Act."

The complaint noted that charging party sought relief in accordance with section 11(c) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 1611(c)). In addition, the complaint specifically notified respondent that pursuant to section 1220.40(c) of the Board's rules and regulations respondent was required to file an answer to the complaint within 15 days after service and that said answer was required to include an express admission, denial or explanation of each and every allegation of the complaint. Respondent was further notified by way of the complaint that failure to specifically respond to an allegation would be deemed an affirmative admission of the facts or conclusions alleged in the allegation and that failure to timely file an answer would be deemed to be an admission of all material facts alleged and a waiver of hearing.

Respondent was served with a copy of the Board's complaint for hearing on April 2, 1990. The Board issued an order on April 12, 1990, scheduling hearing on the complaint for April 30 and May 1, 1990. Respondent's answer to the complaint for hearing was file-stamped as "received" by the Board on April 19, 1990. Although respondent contends that his answer was posted April 16, 1990, there is no proof of service in the record indicating posting on that date. The record indicates that respondent's answer was sent to the Board's office in Springfield, Illinois, by certified mail, from the St. Louis, Missouri, office of respondent's attorney, Ivan L. Schraeder. The return receipt for delivery of respondent's answer also indicates receipt by the Board on April 19, 1990, although respondent contends that the signing of the return receipt appears "suspicious."

Respondent admitted in his answer to the complaint for hearing that respondent is a public employer within the meaning of sections 3(o) and 20(b) of the Act and that the charging party is a labor organization within the meaning of section 3(i) of the Act (Ill. Rev. Stat. 1989, ch. 48, pars. 1603(o), 1620(b), 1603(i)). Respondent stated that he was without sufficient factual information to respond to paragraph 3 of the complaint and so denied said paragraph. With regard to paragraph 4, respondent stated that it was not clear as to the "time material herein" in question and so denied paragraph 4. Respondent denied paragraphs 5, 6, 7, 8, and 9 of the complaint for hearing. Respondent also raised the following affirmative defenses in its answer to the complaint for hearing:

"1) that all of the employees mentioned specifically by name in the nine (9) paragraphs of the Complaint For Hearing are either supervisors, managers, confidential employees or a combination thereof, and therefore are not employees under the Act; and

2) that the issues raised by this proceeding are the subject of a unit hearing in Board Case S—RC—90—30 and that such hearing will be dispositive of the matter at hand; and

3) that Respondent is being placed at a disadvantage in violation of Respondent's due process rights in that the hearing in S—RC—90—30 has been suspended by the Hearing Officer pending resolution of legal issues which are the same as those in this matter; and

4) The Complaint For Hearing fails to allege sufficient facts to raise the issue of an unfair labor practice under the Act."

The charging party was also served with a copy of the complaint for hearing and a copy of respondent's answer to the complaint. The record indicates that the return receipt for the certified mail service of the copy of respondent's answer on the charging party is dated April 18, 1990. Charging party filed a motion with the Board on April 23, 1990, contending that the filing of respondent's answer to the complaint for hearing was untimely and that according to section 1220.40(c) of the rules and regulations of the Board (80 Ill. Adm. Code §1220.40(c) (Supp. 1988)) respondent had admitted the factual allegations of the complaint for hearing and had waived a hearing thereon. Charging party cited a recent appellate court decision involving the Illinois Education Labor Relations Board (IELRB), *Mattoon Community Unit School District No. 2 v. Illinois Educational Labor Relations Board* (1990), 193 Ill. App. 3d 875, 550 N.E.2d 610, which confirmed that the failure to file a timely answer to a labor relations

complaint constituted an admission of facts alleged in the complaint and a waiver of hearing thereon. Charging party moved for a finding of facts alleged in the complaint and for a finding that respondent waived a hearing thereon.

Respondent filed on April 23, 1990, a motion to consolidate the instant case with case number S—RC—90—30, stating therein that the issues in both cases revolved around who is determined to be a public employee under section 3(n) of the Act and which persons are not covered by the Act because of qualifying for exclusion as supervisors, managers, and/or confidential employees under sections 3(c), 3(j) and 3(r) of the Act (Ill. Rev. Stat. 1989, ch. 48, pars. 1603(n), (c), (j), (r)). Along with the motion to consolidate, respondent filed a request for documents to be produced by April 27, 1990.

The hearing officer assigned to the instant case requested by letter dated April 23, 1990, a response from respondent as to the charging party's motion for default. The hearing officer noted therein that section 1220.40(c) of the Board's rules and regulations required respondent to have filed an answer within 15 days after service of the complaint and so respondent had until April 17, 1990, to have filed an answer to the charge. The hearing officer further noted that the record indicated respondent's answer was filed on April 19, 1990, two days beyond the 15-day requirement of section 1220.40(c).

Respondent filed a response to the motion of the charging party for findings of fact and to the hearing officer's letter dated April 23, 1990. In his response, respondent stated that he prepared and filed his answer to the complaint for hearing on Monday, April 16, 1990, by placing it in a postage-paid envelope, certified with return receipt, on that same date and depositing it with the United States Postal Service. Respondent further stated that the answer fully complied with the spirit of the Board's regulations and that substantial compliance with the rule for filing answers was completed to the extent that all parties were appraised of respondent's position within the time required by the rule. Respondent argued that the complaint carried numerous conclusions of law in its allegation paragraphs, which were not supported by facts, specifically that the persons who attended the alleged meetings were public employees or that the three persons identified as "public employees" were public employees. Respondent also noted that the issue of who was a public employee in the proposed unit was still under formal hearing process in case number S—RC—,90—30. Respondent argued that if the Board granted the charging party's motion it would not have sufficient facts upon which to make a decision because the complaint did not state sufficient facts

supporting the conclusion as to the status of persons as "public employees." Respondent further argued that the *Mattoon* case relied upon by charging party in support of its motion was not applicable to the instant case because the IELRB rule in that case was not identical in wording or effect to section 1220.40(c) and that application of *Mattoon* to the instant case would not allow substantial justice to be done where respondent has substantially complied with Board rules.

The hearing officer's recommended decision and order was filed with the Board on May 11, 1990. The hearing officer stated that the sole issue presented in the case was whether respondent's failure to file a timely answer to the complaint constituted an admission of the material facts alleged in the complaint and waiver of hearing pursuant to section 1220.40(c) (80 Ill. Adm. Code §1220.40(c) (Supp. 1988)). The hearing officer discussed the *Mattoon* case, wherein a school district had been charged with violation of the Illinois Educational Labor Relations Act and the executive director of the IELRB, following investigation of the charge, issued a complaint and notice of hearing against the school district as respondent. The complaint indicated that respondent's answer was required to be filed within 15 days of service, but the respondent never filed an answer, filing instead a motion to defer the matter to grievance arbitration. The IELRB found that the school district's failure to timely file an answer constituted an admission of the material facts alleged in the complaint and a waiver of hearing. The hearing officer noted the following language from the appellate court's opinion in *Mattoon* which affirmed the decision of the IELRB:

> "[T]he District was fully informed of the requirement for the filing of an answer and of the consequences of not doing so. Not only did an administrative rule plainly set forth the requirement for the filing of an answer, but the unfair labor practice complaint which was served on the District's representative clearly spelled out this requirement. Moreover, the charged party in this case is a rather large governmental unit which is represented by counsel. This is not the case of an unsophisticated layman lost in a maze of administrative rules which he or she does not comprehend. For these reasons, we hold the 'afford[ing] more lenient treatment of a person' exception to the the general requirement of strict enforcement of administrative agency rules is inapplicable to this case." *Mattoon*, 193 Ill. App. 3d at 882, 550 N.E.2d at 614.

The hearing officer found that the applicable rule in the instant case also required respondent to file an answer within 15 days of ser-

vice of the unfair labor practice charge, that the rule contained no exceptions to this requirement, and that absent compliance, respondent is deemed to have admitted the material facts alleged in the complaint and a waiver of hearing. Because respondent's answer was not filed until April 19, 1990, two days beyond the 15-day requirement of section 1220.40(c) of the Board rules, the hearing officer found that respondent's answer was untimely, that there was no Board rule permitting the filing of an answer after the deadline, and so respondent had admitted the material facts alleged in the complaint and had waived his right to a hearing in the matter. The hearing officer refuted respondent's contention that he had complied with the "spirit of the Board's rules" by mailing an answer by certified mail on April 16, 1990, noting that section 1200.30(e) of the Board rules (80 Ill. Adm. Code §1200.30(e) (Supp. 1987)) provides, "[i]n all matters, a document shall be considered filed with the Board on the date that it is received by the Board." The hearing officer specifically found that respondent had admitted the material facts alleged in the complaint, including paragraphs 5 and 6, which allege violations of sections 10(a)(1), 10(a)(2), and 10(a)(3) of the Act (Ill. Rev. Stat. 1989, ch. 48, pars. 1610(a)(1), (a)(2), (a)(3)). The hearing officer made the following conclusion of law: "The Circuit Clerk of St. Clair County violated Sections 10(a)(1), 10(a)(2) and 10(a)(3) of the Act by threatening to discharge Donna Wiggers, Sheri Rayfield, and Deborah Roedershimer if they assisted the Charging Party with the Representation Petition it filed with the Board in Case No. S—RC—90—30." Finally, the hearing officer noted that pursuant to section 1210.100(j) of the rules, parties may file exceptions to his recommendation and briefs in support of those exceptions no later than 30 days after service of his recommendation, with responses to exceptions and briefs due no later than 15 days after service of the exceptions.

Respondent filed exceptions to the hearing officer's recommended decision and order and a memorandum in support of his exceptions on June 8, 1990. In the exceptions, respondent noted the following points:

> (1) that the recommended decision and order was contrary to section 1220.40(c) of the Board rules because it adopted conclusions of law as material fact;
>
> (2) that strict enforcement of section 1220.40(c) should be waived to afford more lenient treatment of respondent as an applicable exception to the general rule not to make *ad hoc* exceptions to Board rules, because respondent substantially com-

plied with the requirements of section 1220.40(c), citing the standards for exceptions adopted in the *Mattoon* case;

(3) that the determination of facts without a hearing may result in a direct conflict with the determination of facts in case number S—RC—90—30;

(4) that the holding of the *Mattoon* case relied upon by the hearing officer is not controlling in this case because of the difference in the applicable rules and substantial differences in the facts;

(5) that the recommended decision and order will cause substantial injustice, depriving respondent of due process of law;

(6) that respondent substantially complied with section 1220.40(c) and the date relied upon by the Board as the date it received respondent's answer may not be the date it actually received the document;

(7) that the complaint relied upon for the recommended decision and order did not identify the issues of fact or law that were to be litigated, nor did the complaint contain sufficient facts upon which respondent could identify the issues to be litigated but included only conclusions of law, in contravention of section 1220.40(b)(3) of the Board rules;

(8) that the conclusions of law drawn by the hearing officer are not founded in fact from which conclusions may be drawn; and

(9) that the exceptions section of the Board rules cited in the recommended decision and order refers to rules regarding the processing of petitions rather than to the rules regarding the filing of exceptions to the recommended decision and orders relating to unfair labor practices.

The Board noted in its decision and order entered July 20, 1990, that respondent was asking the Board to make an exception to the time limitation for filing an answer to the complaint contained in section 1220.40(c) of the rules, because respondent contended that he substantially complied with the rule by placing an answer to the complaint in the mail on the last day for filing. In reaching its decision in the instant case, the Board quoted the following language from a previous decision of the Illinois State Labor Relations Board:

"We, as a board, take this opportunity to put on notice not only the parties to this proceeding but all persons who appear before us, that the time limits promulgated by this Board must be strictly adhered to. We do not condone, by virtue of this decision, Respondent's lack of diligence and lack of compliance

with the Rules. Rather, the failure to file a timely answer to a Complaint for Hearing will indeed hereafter result in all of the factual and legal issues alleged in the Complaint being construed against the Respondent in the light most favorable to the Charging Party." (*Illinois Nurses Association (Durietz*), 2 Pub. Employee Rep. (Ill.) par. 2003, No. S—CB—3 (Illinois State Labor Relations Board, Nov. 20, 1985).)

The Board relied upon the *Durietz* decision and the reasons stated by the hearing officer in his recommended decision and order in finding that respondent had violated the Act. Accordingly, the Board entered the following order:

"[T]hat Respondent, the Circuit Clerk of St. Clair County, its officers and agents shall:

1. Cease and desist from:

a. interfering with, restraining or coercing its employees in the exercise of the rights guaranteed them under the Act.

b. threatening to discharge or discriminate against any public employee for signing an affidavit, petition or charge or providing any information or testimony under the Act.

c. discriminating in regard to hire or tenure of employment or any term or condition of employment in order to discourage their membership or support for Teamsters, Local No. 50.

2. Take the following affirmative action designed to effectuate the policies of the Act:

a. post, at all places where notices to the Circuit Clerk's employees are ordinarily posted, copies of the notice attached hereto and marked "Appendix A." Copies of this notice shall be posted, after being duly signed by Respondent, in conspicuous places, and shall be maintained for a period of 60 consecutive days. Reasonable steps shall be taken to insure that the notices are not altered, defaced or covered by any other materials.

b. notify the Board in writing within 20 days from the date of this decision, of the steps Respondent has taken to comply herewith."

The notice referred to as "Appendix A" contained the three specified cease-and-desist orders entered against respondent.

Respondent raises two main issues with eight related subissues in this appeal. We note that these issues and subissues are substantially the same as those issues raised by respondent as exceptions to the hearing officer's recommended decision and order. For the sake of

clarity, we will address the subissues as appropriate to our discussion of the two main issues argued by respondent in this appeal:

> (1) Whether strict compliance with the Board rule as to timely filing of an answer to the complaint can be avoided under certain circumstances and should have been waived by the Board in this case.

> (2) Whether the Board failed to follow its own rules, particularly by adopting conclusions of law as admissions of material fact in contravention of section 1220.40(c)(3) of the Illinois State Labor Relations Board rules and regulations.

We initially note that the Illinois Public Labor Relations Act governs the Board's rule-making responsibility in dealing with unfair labor practice charges, and section 11 of the Act provides in pertinent part:

> "(a) Whenever it is charged that any person has engaged in or is engaging in any unfair labor practice, the Board or any agent designated by the Board for such purposes, shall conduct an investigation of the charge. If after such investigation the Board finds that the charge involves a dispositive issue of law or fact the Board shall issue a complaint and cause to be served upon the person a complaint stating the charges, accompanied by a notice of hearing before the Board or a member thereof designated by the Board, or before a qualified hearing officer designated by the Board at the offices of the Board or such other location as the Board deems appropriate, not less than 5 days after serving of such complaint ***. *** The person who is the subject of the complaint has the right to file an answer to the original or amended complaint and to appear in person or by a representative and give testimony at the place and time fixed in the complaint." Ill. Rev. Stat. 1989, ch. 48, par. 1611(a).

■■ Board rules promulgated with respect to the processing and investigation of unfair labor practice charges, complaints and responses provide that the Board shall review the charge and first determine whether the charge has been filed in accordance with the Act. (80 Ill. Adm. Code §1220.40(a) (Supp. 1988).) If the charge is not filed in accordance with the Act, the charge is dismissed subject to review by the Board. (80 Ill. Adm. Code §1220.40(a) (Supp. 1988).) If the charge is determined to have been filed in accordance with the Act, the Board or its designated representative shall investigate the charge, which investigation may include a conference with both the charging party and respondent, where each party may submit evi-

dence and a statement of position to the investigator. (80 Ill. Adm. Code §1220.40(b) (Supp. 1988).) If the investigation reveals that there is not an issue of law or fact sufficient to warrant a hearing, the Board or its executive director shall dismiss the charge, subject to the right of the charging party to appeal the dismissal to the Board. (80 Ill. Adm. Code §1220.40(b)(4) (Supp. 1988).) The Board shall issue a complaint, however, if the investigation reveals *an issue of law or fact* (Ill. Rev. Stat. 1989, ch. 48, par. 1611(a)) sufficient to warrant a hearing. 80 Ill. Adm. Code §1220.40(b)(3) (Supp. 1988).

■ Section 1220.40(c) of the Board rules governs the filing of the respondent's answer to the unfair labor practice complaint:

"Whenever a complaint for hearing is issued, the respondent must file an answer within 15 days after service of the complaint.

1) The answer shall include a specific admission, denial or explanation of each allegation or issue of the complaint or, if the respondent is without knowledge thereof, it shall so state and such statement shall operate as a denial. Admissions or denials may be made to all or part of an allegation but shall fairly meet the circumstances of the allegation.

2) The answer shall also include a specific, detailed statement of any affirmative defenses including, but not limited to, allegations that the violation occurred more than six months before the charge was filed, that the Board lacks jurisdiction over the matter, or that the complaint fails to allege an unfair labor practice.

3) Parties who fail to file timely answers shall be deemed to have admitted the material facts alleged in the complaint and to have waived their rights to a hearing. The failure to answer any allegation shall be deemed an admission of that allegation." 80 Ill. Adm. Code §1220.40(c) (Supp. 1988).

Respondent first contends that he was deprived of his right to due process of law when the Board ruled on the merits of the unfair labor practices complaint without a hearing. In support of this argument, respondent states that he substantially complied with the requirements for timely filing of an answer to the complaint stated in section 1220.40(c) of the Board rules by posting his answer prior to the date on which the answer was required to be filed. Respondent also notes that no party has asserted that late receipt of its answer prejudiced it or the Board proceeding. Respondent also asserts that the finding by the hearing officer that respondent's answer was not filed until April 19, 1990, may not have been accurate based on what respondent char-

acterizes as two different pen marks on the certified mail return receipt.

When reviewing proceedings under the Administrative Review Act, the appellate court must determine whether procedures required by law were taken by the administrative agency and, if so, whether the decision of the agency was against the manifest weight of the evidence. (*Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 739, 347 N.E.2d 270, 273.) It has also been recognized that a reviewing court has the duty to examine the procedural methods employed at an administrative hearing to ensure that a fair and impartial procedure was used. *Middleton v. Clayton* (1984), 128 Ill. App. 3d 623, 630, 470 N.E.2d 1271, 1276.

With regard to respondent's argument that there is a factual dispute as to the date the Board actually received his answer, we note that section 1200.30(c) of the Board rules provides that a document shall be considered filed with the Board on the date that it is received. (80 Ill. Adm. Code §1200.30(e) (Supp. 1988).) The record clearly indicates that respondent's answer was file-stamped as "received" on April 19, 1990, and the hearing officer found that respondent's answer was filed on this date. Respondent's argument is premised on a scenario that the Board received the document on April 17, 1990, the date the answer was due, but did not get around to file-stamping it until two days later. We note no intervention of a weekend between the 17th and the 19th days of April in 1990 and accordingly find no merit or substantive evidence in support of this due-process-violation argument. Findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct, and courts may not interfere with this discretionary authority unless the administrative decision is against the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088.) The Board's finding in this regard was not contrary to the manifest weight of the evidence.

With regard to respondent's argument that he was deprived of his right to due process because of strict enforcement of section 1220.40(c), we note that there is no due process violation in an administrative agency proceeding where the negligence or intentional conduct of a party results in the dismissal of its claim or the entry of a default judgment against the party. (See *Glassworks v. Human Rights Comm'n* (1987), 164 Ill. App. 3d 842, 518 N.E.2d 343.) In *Glassworks*, an employer was defaulted in an administrative agency case filed by a former employee charging employment discrimination. The administrative agency entered a default judgment against the employer for

failure to attend a fact-finding conference scheduled by the agency, without good cause. On administrative review the circuit court dismissed the employer's petition, citing its failure to object to the final recommended order of the administrative agency. The employer sought further review in the appellate court claiming it was deprived of its due process rights since no hearing was held on the merits of the civil rights complaint, one of the main issues on review being whether the agency procedures were violative of due process. The appellate court distinguished *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, wherein the United States Supreme Court found that the claimant's due process rights were violated by the failure to provide the opportunity for a hearing, where the failure to hold the hearing was not the fault of either party but the failure of the Human Rights Commission which was bound under the Human Rights Act to hold the hearing within 120 days. The appellate court held in *Glassworks* that the failure to hold the hearing in the instant case was the fault, not of the agency, but of the employer itself, by its negligent or intentional choice in refusing to attend the scheduled hearing. The court held that the termination of a claim or, as here, the entry of a default judgment for failure to comply with reasonable procedural rules is not violative of due process. (*Glassworks*, 164 Ill. App. 3d at 850, 518 N.E.2d at 348.) In the instant case it is clear that the failure to timely file the answer to the complaint for hearing can only be attributed to the negligence of respondent or his attorney, and so our determination of whether respondent was deprived of his right to procedural due process must focus on the reasonableness of the Board rules and the Board's insistence on strict compliance therewith.

Respondent further argues that the hearing officer improperly relied on the *Mattoon* case in defaulting respondent on the complaint without the benefit of a hearing, because of the difference in wording between the rule relied on in the *Mattoon* case and section 1220.40(c) in the instant case and because of the factual differences between *Mattoon* and the instant case, and argues that this also constituted a deprivation of his right to due process. Furthermore, respondent urges that under the standards recited in the *Mattoon* case for deviation or exception to the requirement of strict compliance with administrative rules, the Board should have at least waived its rule that respondent's answer was "filed" on the day it was received at the Board office. Finally, respondent urges for the first time in his reply brief to this court that the hearing officer improperly found that Board rules do not provide for any waiver or suspension, citing sec-

tion 1200.160 thereof (80 Ill. Adm. Code §1200.160 (1985)), and argues that under the circumstances of the instant case the Board should have waived the requirement of the 15-day filing rule.

As noted above, the appellate court held in *Mattoon* that the Illinois Educational Labor Relations Board did not err in interpreting and enforcing its administrative rules against the Mattoon Community School District. The court found that the school district, which failed to file its answer to an unfair labor practice complaint, was properly held by the IELRB to have admitted the material facts alleged in the complaint, notwithstanding the district's filing of a motion to defer to grievance arbitration in lieu of an answer. The operative IELRB rule in *Mattoon* provided as follows:

"Whenever an unfair labor practice complaint is issued, the respondent must file an answer within 15 days after service of the complaint.

\* \* \*

(3) Failure to file a timely answer shall be deemed an admission of the material facts alleged in the complaint and a waiver of a hearing. Failure to respond to any particular factual allegation of the complaint shall be deemed to be an admission of that particular allegation." (80 Ill. Adm. Code. §1120.30(d) (1985).)

In our opinion, the text of sections 1120.30(d) of the IELRB rules and section 1220.40(c) of the ISLRB rules are sufficiently similar so as to qualify the *Mattoon* case as persuasive precedent for the Board in deciding the instant case. We also do not believe that the facts that the school district in *Mattoon* timely filed a responsive pleading but not an answer and that in the instant case respondent filed an answer which was not timely so distinguish the two cases such that *Mattoon* could not reasonably have been relied on as precedent by the Board in the instant case. The purpose of both rules is to require an *answer* to be on file with the Board within *15 days* after service of the complaint on the respondent. In neither *Mattoon* nor the instant case were both prongs of the rules' requirements met. Accordingly, we find that the Board could reasonably have found the *Mattoon* case of precedential value in finding that respondent's failure to timely file his answer admitted the material facts alleged in the complaint.

■■ As respondent notes, the *Mattoon* case also delineated standards by which exceptions to the requirement of strict compliance with administrative rules would be considered. The court stated in *Mattoon*:

> "Generally speaking, administrative agencies must enforce as written the rules which they promulgate and may not make *ad hoc* exceptions to or departures from their rules when adjudicating. [Citation.] Exceptions to this requirement of strict compliance with administrative rules exist where 'the regulations in question relate to internal agency procedures or where a rule is waived to afford more lenient treatment of a person.' " (*Mattoon*, 193 Ill. App. 3d at 881, 550 N.E.2d at 614, quoting S. Breyer & R. Stewart, Administrative Law & Regulatory Policy, at 527-28 (2d ed. 1985).)

The court found in *Mattoon* that the school district was not entitled to an exception from strict compliance with section 1120.30(d)'s filing requirements, reasoning that the rule did not relate solely to internal agency procedures but imposed obligations upon parties to unfair labor practice proceedings. The court also found the "afford[ing] more lenient treatment of a person" exception did not apply because respondent therein was a large governmental unit, represented by counsel, and was fully informed of the requirements of the rules. *Mattoon*, 193 Ill. App. 3d at 882, 550 N.E.2d at 614.

■ We note that respondent does not argue on appeal that section 1220.40(c) is a rule pertaining solely to internal agency procedure but argues instead that section 1200.30(e) of the Board rules should be considered a regulation relating to internal agency procedure and so the Board should have made an *ad hoc* exception to the rule under the facts of this case. As noted above, section 1200.30(e) of the Board rules and regulations provides that documents are filed on the date they are received by the Board. (80 Ill. Adm. Code §1200.30(e) (Supp. 1987).) We also note that section 1200.30(d) of the Board rules provides that extensions of time will be granted only upon timely application to the Board or the presiding hearing officer, and only upon the showing of a good cause. (80 Ill. Adm. Code §1200.30(d) (Supp. 1987).) We would not characterize section 1200.30 of the rules as relating solely to internal agency procedure because this rule indirectly affects the obligations imposed on parties to the administrative proceeding, as is well illustrated in the instant case where respondent argues for an exception so that his answer can be deemed "filed" on the date it was posted. Moreover, respondent in the instant case is virtually in the same position as the school district was in *Mattoon*: a large governmental employer, represented by counsel, who was fully notified of the requirements for filing of answers to the complaint and the consequences of not doing so. We find that the Board could reasonably have found based on the precedent of *Mattoon* that no exceptions existed

to prevent the requirement of strict enforcement of section 1220.40(c).

Respondent urges, however, that section 1200.160 of the Board rules specifically provides for exceptions to strict compliance with the rules and so the hearing officer erred in finding that strict compliance with section 1220.40(c) was required. This section governs variances and suspension of Board rules and provides as follows:

"The provisions of these rules may be waived or suspended by the Board when it finds that:

a) The provision from which the variance is granted is not statutorily mandated;

b) No party will be injured by the granting of the variance; and

c) The rule from which the variance is granted would, in the particular case, be unreasonable or unnecessarily burdensome." (80 Ill. Adm. Code §1200.160 (Supp. 1986).)

The Board responds that no motion for extension of time or request for waiver of the rules was sought by respondent when he sent his answer for filing on the last day before the date the document was due to be filed. In point of fact, respondent failed to request a variance or suspension of the rules pursuant to section 1200.160 at any time before the administrative agency and could have raised this argument in his exceptions to the hearing officer's recommended decision and order. An appellate court will consider only such questions as were raised and reserved in the lower court, and such principle is applicable to a review by courts of an administrative determination. (*Leffler v. Browning* (1958), 14 Ill. 2d 225, 228, 151 N.E.2d 342, 344.) We find that respondent has waived this argument on appeal.

Respondent further argues that he was denied due process in that the decision of the Board in the instant case will directly affect the outcome of the representation petition, case number S—RC—90—30, where the apparent issue of which employees qualify as "public employees" under section 3(n) of the Act must be determined. The Board notes that there is no exemption provided in the rules excusing a party from following agency procedural rules when a representation petition is pending between the parties at the time an unfair labor practices complaint is filed. In effect, this is what the school district in the *Mattoon* case was arguing, that it was excused from filing an answer to an unfair labor practices complaint filed by the Mattoon Education Association because the alleged dispute was properly subject to resolution by means of the grievance-arbitration procedure provided for in the collective bargaining agreement. In addition, the

Board argues that the issues, procedures and burdens involved in representation cases and unfair labor practice charges are different. It is well established that a prior determination by an administrative body is not *res judicata* in subsequent proceedings before it and that an administrative agency has the power to deal freely with each situation as it comes before it, regardless of how it may have dealt with a similar or even the same situation in a previous proceeding. (*American Federation of State, County & Municipal Employees, Council 31, AFL-CIO v. Chief Judge of the Circuit Court of Cook County* (1991), 209 Ill. App. 3d 283, 287, 568 N.E.2d 139, 142.) We therefore hold that respondent was not deprived of his right to due process by the Board's strict enforcement of the provisions of section 1220.40(c) of the Board rules in the instant case.

■ As his next major argument on appeal, respondent states generally that the Board failed to follow its own rules in the instant case and argues specifically with respect to section 1220.40(c) thereof (80 Ill. Adm. Code §1220.40(c) (Supp. 1988)) that such failure requires the reversal of the Board's decision and order of July 20, 1990. As the first instance of failure to follow Board rules, respondent argues that section 1220.40(b) requires the Board to state the issues of law or fact that warrant a complaint and the Board's complaint for hearing sets out no delineation of the issues. Respondent concludes that, because the hearing officer incorporated defective-complaint allegations as findings of fact in the recommended decision and order, the recommended decision and order, upon which the Board relied in reaching the July 20, 1990, order, was also defective.

The Board responds, however, that the plain meaning of section 1220.40(b) is simply that the complaint shall contain the issues that justified the issuance of the complaint and that the purpose of the timely answer from the respondent is to determine which allegations are removed from a contested hearing. We agree. We note that respondent did not contend, in his answer which was found to be untimely filed, that the complaint failed to state the issues that warrant a hearing. Indeed, as noted above, respondent's answer admitted paragraphs 1 and 2 of the complaint, stated he had insufficient information with respect to paragraph 3 of the complaint, stated that the phrase "time material herein" was unclear with respect to paragraph 4 of the complaint, and denied paragraphs 5, 6, 7, 8, and 9 of the complaint, thereby setting forth the issues he was contesting. As a general rule, administrative pleadings are required to allege proper facts to demonstrate the basis upon which the claim of the pleader is founded. (*Winnetkans Interested in Protecting the Environment*

*(WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 482, 370 N.E.2d 1176, 1181.) Moreover, in the *Glassworks* case cited above the employer argued on review, as respondent similarly does in the instant case, that there were insufficient facts charged in order to support a claim of discrimination and so the agency had no initial jurisdiction to enter the default judgment. The appellate court disagreed, holding that in order to adequately state an administrative claim for employment discrimination there need only exist some relevant evidence such that a reasonable mind might find it sufficient to support a conclusion that the alleged discrimination practice had been committed. (*Glassworks*, 164 Ill. App. 3d at 851, 518 N.E.2d at 349.) We do not believe that a fair reading of section 11 of the Act and section 1220.40(b)(3) of the Board rules requires a *per se* statement of issues. We find that as long as the complaint for hearing sets forth the facts upon which the Board determined to issue the unfair labor practices complaint following its investigation of the charge, there will be compliance with the requirement of section 1220.40(b)(3) that the complaint state the issues that warrant a hearing.

■■ Respondent next argues that certain allegations of the Board's complaint contained "conclusions of law" rather than "material facts." Respondent maintains that only material facts contained in a complaint are deemed admitted under section 1220.40(c)(3) of the Board rules and so the hearing officer erred when he adopted as admitted "facts" the allegations of the complaint containing "conclusions of law." As a related issue, respondent contends that the Board based its decision on facts not in the record, specifically, the hearing officer's recommended decision and order containing as "conclusions of law" the violation by respondent of the Act in relationship to three named persons. Respondent argues that the violation of the Act was based on adoption of legal conclusions as admissions of material facts concerning those three persons, in contravention of section 1220.40(c) of the Board rules.

In support of these arguments respondent cites paragraphs 5 and 6 of the complaint, which state that certain persons were alleged to have been in attendance at meetings, and paragraph 7, which states that the persons specified in paragraphs 5 and 6 were "public employees." Respondent maintains that the allegation that these persons were "public employees" as defined in section 3(n) of the Act is clearly a conclusion of law rather than an allegation of material fact and so the hearing officer erred in adopting the allegation stated in paragraph 7 as an admission of material fact. In addition, respondent complains that the allegations stated in paragraphs 4, 5, 6, and 7 that

Ivan Schraeder was respondent's agent and that he was acting in an agency relationship when he allegedly conducted the meetings set forth in paragraphs 5 and 6 of the complaint were also conclusions of law and so the hearing officer erred in adopting the allegations stated in paragraphs 4, 5, 6, and 7 as admissions of material fact. Respondent also argues that there were no allegations in the complaint that the three named persons signed or processed the petition in case number S—RC—90—30, gave any affidavit, filed a charge, or provided information or testimony and so section 10(a)(3) of the Act could not have been violated. Finally, respondent maintains that paragraphs 8 and 9 of the complaint refer to sections 10(a)(1), 10(a)(2) and 10(a)(3) of the Act and are thus conclusions of law which cannot be admitted as material facts under section 1220.40(c) of the Board rules.

Respondent notes that under the Illinois Code of Civil Procedure, legal conclusions unsupported by allegations of specific facts are insufficient to serve as essential elements of a complaint. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 510, 520 N.E.2d 37, 43, citing Ill. Rev. Stat. 1987, ch. 110, par. 2—612.) As a result, a complaint which does not allege facts the existence of which are necessary to enable a plaintiff to recover does not state a cause of action, and such deficiency may not be cured by liberal construction or argument. (*Condell*, 119 Ill. 2d at 510, 520 N.E.2d at 43.) To determine whether the complaint states facts or conclusions, however, the entire complaint must be considered as a whole, and not just its disconnected parts. (*Wait v. First Midwest Bank/Danville* (1986), 142 Ill. App. 3d 703, 707, 491 N.E.2d 795, 800.) Moreover, a pleader is not required to set out his evidence but need only plead the ultimate facts to be proved. *Borgsmiller v. Burroughs* (1989), 187 Ill. App. 3d 1, 7, 542 N.E.2d 1281, 1286.

Pleadings or charges in an administrative proceeding need not be drawn to comply with the same technical requirements as imposed in court actions, but as we noted above, administrative pleadings must allege proper facts to demonstrate the basis upon which the claim of the pleader is founded. (*WIPE*, 55 Ill. App. 3d at 482, 370 N.E.2d at 1181.) Sections 10(a)(1), 10(a)(2) and 10(a)(3) of the Act, upon which the unfair labor practices complaint in the instant case was founded, provides in pertinent part that it shall be an unfair labor practice for an employer *or its agents*:

"(1) to interfere with, restrain or coerce public employees in the exercise of the rights guaranteed in this Act or to dominate or interfere with the formation, existence or administration of any labor organization or contribute financial or other support

to it; provided, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;

(2) to discriminate in regard to hire or tenure of employment or any term or condition of employment in order to encourage or discourage membership in or other support for any labor organization. ***

(3) to discharge or otherwise discriminate against a public employee because he has signed or filed an affidavit, petition or charge or provided any information or testimony under this Act." (Ill. Rev. Stat. 1989, ch. 48, pars. 1610(a)(1), (a)(2), (a)(3).)

The Board responds that the unfair labor practice complaint in the instant case clearly apprised the charged party of the nature of the unfair labor practice violations alleged. The Board also maintains that it is not required to specify every underlying factual indicia of agency on the part of Ivan Schraeder or of public employee status under the Act for the persons specified in order to sufficiently state an unfair labor practice claim.

With regard to the allegation of agency, unless the parties' relationship is so clear as to be undisputed, questions such as the existence and scope of an agency relationship are questions of fact to be decided by the trier of fact. (*Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 25, 392 N.E.2d 154, 157.) The court reasoned in *Sherman* that proof of an agency relationship necessarily depends upon such facts as the right of the principal to control the acts of the agent, the agent's ability to enter into binding negotiations on behalf of the principal and the extent to which the tortious conduct was committed in the cause of or in furtherance of the principal's business, and so to require plaintiffs without the benefit of discovery to include in their complaint sufficient factual detail to permit a determination of these questions from the face of the complaint is both unrealistic and unnecessary. (*Sherman*, 74 Ill. App. 3d at 25, 392 N.E.2d at 157-58.) The court held in the *Sherman* case that an allegation that a tortious act was committed while acting on the alleged principal's behalf is sufficient to withstand a motion to dismiss which addressed itself solely with the legal sufficiency of the complaint. *Sherman*, 74 Ill. App. 3d at 25-26, 392 N.E.2d at 158.

In the instant case the Board's complaint stated in paragraph 4 that "at all times material herein, Ivan Schraeder has been respondent's agent authorized to act in its behalf." Paragraphs 5 and 6 stated, respectively, that Schraeder met with certain employees and informed them that *respondent* viewed them as supervisors and that

*respondent* would discharge them if they assisted the Teamsters Local 50 in any way. We note that in respondent's answer he did not specifically deny that Schraeder was authorized to act in his behalf but challenged the clarity of the phrase, "at all times material herein." Moreover, the record indicates that Ivan Schraeder was the attorney of record for respondent in the case before the Board and, in this appeal, and as the Board notes, investigation of the charge by the Board prior to issuance of the complaint would have revealed some evidence that the employees reasonably believed that Schraeder was acting under the actual or apparent authority of the employer. Without any such evidence, the Board would have been duty bound under section 1220.40(b)(4) to dismiss the charge. By reasonable inference the complaint alleged that Schraeder was authorized by respondent to act in his behalf when Schraeder met with certain employees to let them know that respondent had determined that they were supervisors and subject to termination if they aided the union with the representation petition. We therefore find that when the complaint is read in its entirety the Board has pled not legal conclusions but the ultimate facts to be proved with regard to the agency issue.

The Board notes with regard to the allegation of the public employee status that matters such as the supervisory status of a public employee must be pled as an affirmative defense, citing *County of Du Page*, 6 Pub. Employee Rep. (Ill.) par. 2018, No. S—CA—89—77 (Illinois State Labor Relations Board, March 30, 1990). The Board argues that at the complaint stage the public employee status of a given employee may be pled generally and that as a consequence of failing to raise an affirmative defense of supervisory status, the public employee status is admitted. We note that respondent so raised as an affirmative defense the supervisory-, managerial- or confidential-employee status of the three named individuals in the complaint. However, this does not resolve the issue of whether the allegations respondent characterizes as legal conclusions are admitted by respondent's failure to timely file his answer to the Board's complaint.

Paragraph 3 of the complaint alleged that the charging party was seeking to represent respondent's full- and part-time employees, employed at the St. Clair County courthouse, including accountants, deputy supervisors, account clerks, deputy clerks and cashiers but excluding guards, supervisors and all others excluded by the Act. Paragraphs 5 and 6 of the complaint alleged that respondent's agent met with certain members of the proposed bargaining unit named in paragraph 3, including Wiggers, Rayfield and Roedershimer, and informed them that respondent considered them to be supervisors and

that any involvement or activity directed toward assisting the union could result in their termination and that if they assisted the union in any way respondent would discharge them. Paragraph 7 alleged that Wiggers, Rayfield, Roedershimer and the other employees respondent's agent spoke with were public employees as defined by section 3(n) of the Act. This section of the Act defines a "public employee" as any individual employed by a public employer but excluding, in pertinent part, managerial employees, confidential employees and supervisors as provided in the Act. See Ill. Rev. Stat. 1989, ch. 48, par. 1603(n).

■ We believe that by alleging that the three named individuals and those employees with whom respondent's agent was alleged to have met were "public employees" as defined in the Act, the complaint was also alleging, by reasonable inference, that these employees were *not* supervisors, managerial employees, or confidential employees as respondent later attempted to allege by way of affirmative defense. We note that "confidential employee," "managerial employee" and "supervisor" are also defined terms under the Act. (See Ill. Rev. Stat. 1989, ch. 48, pars. 1603(c), (j), (r).) The allegations of the complaint, particularly paragraphs 5 and 6, state how the Board was alleging respondent had interfered with, restrained or coerced public employees in the exercise of rights guaranteed under the Illinois Public Labor Relations Act, as prohibited by section 10(a)(1) of the Act, and discriminated against them in regard to a term or condition of employment in order to discourage support for Teamsters Local 50, as prohibited by section 10(a)(2) of the Act. We find that the complaint sufficiently informed respondent of the alleged violations of these two sections of the Act. We further find that although there was no specific allegation that any of the named employees had signed or filed an affidavit, petition or charge against respondent and had been discriminated against, the Board could reasonably have found sufficient facts alleged by way of paragraphs 5 and 6 of the complaint that respondent had discriminated against the named employees because they provided information under the Act, as prohibited by section 10(a)(3).

The Board maintains, in any event, that pursuant to section 1220.40(c) respondent was under notice that it must respond to every allegation and must see to it that its answer was timely filed at the risk of admitting each of the complaint's allegations, and so if respondent failed to file a timely answer, it amounts to the admission of all alleged facts *or* conclusions because there is no response on file as to *any* of the allegations of the complaint. Moreover, the Board notes

that under section 1220.40(c)(3) of the Board rules, failure to timely file an answer to the complaint for hearing results in a waiver by respondent of a hearing as to any legal conclusions to be drawn from those facts. The Board also notes the *Durietz* decision cited in the July 20, 1990, order in support of the proposition that failure to file a timely answer to a complaint for hearing will result in all of the factual *and legal* issues alleged in the complaint being construed against respondent in a light most favorable to the charging party.

Respondent argues, in response, that the Board improperly relied on the *Durietz* decision, which, he contends, modified Board rules without complying with the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1989, ch. 127, par. 1001 *et seq.*). Amendment of an administrative agency procedure constitutes adoption of a rule and is subject to promulgation requirements of the Illinois Administrative Procedure Act. (*Kaufman Grain Co. v. Director of Department of Agriculture* (1988), 179 Ill. App. 3d 1040, 1047, 534 N.E.2d 1259, 1264.) The Illinois Administrative Procedure Act authorizes adoption of general rules by an agency but provides that no action by an agency to adopt a rule shall be valid unless taken in compliance with section 5.01 of the Act, which specifies the notice and opportunity to comment thereon which must be given to the general public. See Ill. Rev. Stat. 1989, ch. 127, pars. 1005, 1005.01.

As noted above, the Board stated in the *Durietz* decision, interpreting section 1220.40(c) of its rules, that the failure to file a timely answer to a complaint for hearing will result in all of the factual *and legal* issues alleged in the complaint being construed against the respondent in the light most favorable to the charging party. This pronouncement, respondent argues, amounted to a *de facto* rule which changed a published rule and was made in violation of the notice and hearing requirements of the Illinois Administrative Procedure Act, and respondent notes that an order entered by an administrative agency which it lacks the inherent power to make or enter is void, citing *Board of Education of Mundelein Elementary School District No. 75 v. Illinois Educational Labor Relations Board* (1989), 179 Ill. App. 3d 696, 705, 534 N.E.2d 1022, 1028.

The Board characterizes its decision in *Durietz*, however, as construction of one of its rules and an announcement of policy to strictly enforce the time deadline set forth in section 1220.40(c). Accordingly, the Board argues, the order entered in *Durietz* is not void and supports its decision in the instant case finding that respondent had violated the Act because all of the allegations of the complaint, factual

and legal, were deemed admitted by respondent's failure to timely file its answer.

We note that an agency has the authority to interpret and apply its regulations and that a reviewing court should accord substantial deference to such interpretation, interfering only if a body's interpretation is plainly erroneous or inconsistent with long-settled constructions. (*Phillips v. Hall* (1983), 113 Ill. App. 3d 409, 421, 447 N.E.2d 418, 425.) This doctrine does not invite arbitrariness or inconsistency from case to case, because an interpretation, like its parent statute or rule, binds the agency as its policy and must be followed. (*Phillips,* 113 Ill. App. 3d at 421, 447 N.E.2d at 425.) It is also well established that not all statements of agency policy must be announced by means of published rules; for example, when an administrative agency interprets statutory language as it applies to a particular set of facts, adjudicated cases are a proper alternative method of announcing agency policies. *Kaufman,* 179 Ill. App. 3d at 1047, 534 N.E.2d at 1264, citing *National Labor Relations Board v. Wyman-Gordon Co.* (1969), 394 U.S. 759, 22 L. Ed. 2d 709, 89 S. Ct. 1426; *Board of Trustees, Prairie State College v. Illinois Educational Labor Relations Board* (1988), 173 Ill. App. 3d 395, 412, 527 N.E.2d 538, 549-50.

In the *Mundelein* case cited by respondent in support of the proposition that the Board's decision in *Durietz* was void, no statute or rule allowed motions to reconsider orders of the IELRB, yet the Board in that case entered a revised order following a motion to reconsider filed by the Mundelein Education Association. Because an agency has only those powers specifically conferred upon it, the reviewing court held in *Mundelein* that such *de facto* rule, announcing by agency opinion the standards it would apply to reconsideration motions, was outside the authority granted in the IELRA and thus void. (*Mundelein,* 179 Ill. App. 3d at 704, 534 N.E.2d at 1027.) In the *Durietz* case, however, section 1220.40(c) of the Board rules already specified that material factual allegations of the complaint would be deemed admitted by a respondent's failure to file a timely answer. Further, by interpretation of the remainder of that existing rule, which states that the respondent also waives a hearing by failure to timely file an answer and that the failure to answer any allegation shall also be deemed an admission of that allegation, the Board could reasonably have found that the failure to timely file an answer would result in all legal allegations of the complaint also being admitted. We do not believe that the Board's announcement of policy in its *Durietz* decision, based on a reasonable interpretation of section 1220.40(c) of its rules, was plainly erroneous, and we decline to hold that such pro-

nouncement was void. We therefore hold that the Board did not err in relying on *Durietz* in finding that admission of *all* of the allegations of the complaint supported a conclusion that respondent had violated sections 10(a)(1), 10(a)(2) and 10(a)(3) of the Act.

■■ Finally, respondent contends that the hearing officer's recommended order rested on a technical error in that section 1210.100(j) of the Board rules was cited as the controlling rule for the filing of exceptions and the correct rule should have been cited as section 1220.60. When viewed in connection with other errors committed by the hearing officer in the instant case, respondent maintains, this incorrect citation warrants reversal of the recommended decision and order and reinstatement of the complaint for hearing. We disagree. The findings, recitals or reasoning in an order of an administrative tribunal which are not of controlling weight and therefore not essential to the validity of its order may be disregarded on appeal as surplusage. (*Produce Terminal Corp. v. Illinois Commerce Comm'n ex rel. Peoples Gas Light & Coke Co.* (1953), 414 Ill. 582, 597, 112 N.E.2d 141, 147.) It is obvious that this particular error, the citing by the hearing officer of the wrong section of Board rules for the filing of exceptions to his recommended decision and order, was harmless and nonprejudicial and accordingly cannot be used as grounds for reversal of the July 20, 1990, order.

For the foregoing reasons, we affirm the July 20, 1990, decision and order of the Illinois State Labor Relations Board.

Affirmed.

H. LEWIS and W.A. LEWIS, JJ., concur.