METROPOLITAN ALLIANCE OF POLICE, Coal City Police Chapter No. 186, No. 6, Plaintiff-Appellant, v. ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Defendants-Appellees.

Third District   No. 3—97—0865

Opinion filed October 9, 1998.

John S. Rossi, of Schenk, Duffy, McNamara, Phelan, Carey & Ford, of Joliet, for petitioner.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for respondent Illinois State Labor Relations Board.

Robert Russo, of Condon, Marsaglia & Russo, of Morris, for respondent Village of Coal City.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Metropolitan Alliance of Police (Metropolitan Alliance) appeals from a decision of the Illinois State Labor Relations Board (Board). In that decision, the Board sustained a ruling by its Executive Director (Director) that denied Metropolitan Alliance's request for voluntary recognition certification of a proposed "bargaining unit" under the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 *et seq.* (West 1996)). Based on the following discussion, we affirm and hold that the Act is inapplicable to the Village of Coal City (City) because the City employs less than 35 employees. We further hold that the Act, in excluding governmental units that employ less than 35 people, is not unconstitutional.

## FACTS

■ The Act, among other things, gives state employees the right to voluntarily join a union and to bargain collectively with their employer over issues concerning wages, hours of work, and other terms of employment. 5 ILCS 315/1 *et seq.* (West 1996). In order to be covered under the Act, a union's bargaining unit must be certified by the Board. 5 ILCS 315/9 (West 1996).

In June of 1997, Metropolitan Alliance and the City filed a request for voluntary recognition certification with the Board. In that request, the parties stated that the proposed bargaining unit would consist of 10 police officers employed by the City. The parties stipulated that the City currently employed no more than 29 employees. The Director dismissed the request because the City did not employ 35 people—the requisite number of employees required under the Act. Subsequently, Metropolitan Alliance appealed the dismissal to the Board, which in turn sustained the ruling of the Director. On appeal to this court, Metropolitan Alliance argues both that the Board improperly interpreted the Act and that the Act itself is unconstitutional. The constitutional question was not raised before the Board.

## DISCUSSION

### I

■ It is a well-settled principle of administrative law that courts must give substantial weight and deference to the interpretation placed upon a statute by the agency charged with the statute's administration and enforcement. *County of Whiteside v. Property Tax Appeal Board*, 276 Ill. App. 3d 182, 658 N.E.2d 481 (1995). Such deference is proper because of the agency's enhanced ability to make informed judgments based upon its unique experience and expertise. *Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n*, 95 Ill. 2d 142, 447 N.E.2d 295 (1983).

■ Section 20(b) of the Act states in part: "[t]his Act shall not be applicable to units of local government employing less than 35 employees." 5 ILCS 315/20(b) (West 1996). The Board asserts that this section functions as an absolute bar to the Act's application to governmental units that employ less than 35 employees. This explication of the Act finds further support in the decision of the Illinois Supreme Court in *Village of Winfield v. Illinois State Labor Relations Board*, 176 Ill. 2d 54, 678 N.E.2d 1041 (1997), in which the court held that the Act does not apply to governmental units employing less than 35 employees. 176 Ill. 2d at 59, 678 N.E.2d at 1043. Given this interpretation of the plain language of the Act by both the Board and the supreme court, and considering the fact that both parties have stipulated that the City employs only 29 people, we hold that the Act is inapplicable to the City.

### II

■ Having held that the Act is inapplicable to the City, the only other issue presented in this case is whether the Act is unconstitutional. As a general proposition of administrative law, issues or defenses not placed before the administrative agency will not be considered for the first time on administrative review. *Metz v. Illinois State Labor Relations Board*, 231 Ill. App. 3d 1079, 596 N.E.2d 855 (1992). Although it is true that administrative agencies lack the authority to invalidate a statute on constitutional grounds or even to question its validity, it is "[n]onetheless *** advisable to assert a constitutional challenge on the record before the administrative tribunal." *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278-79, 695 N.E.2d 481, 489 (1998).

The Solicitor General argues that the holding in *Texaco-Cities* should prevent Metropolitan Alliance from raising a constitutional argument because such an argument was not raised until Metropolitan Alliance's brief to this court. It is unclear, however, whether the supreme court meant to adopt a bright line rule on this point or not.

Nonetheless, we need not reach this issue because it is evident that Metropolitan Alliance's constitutional arguments are wholly without merit.

## A. Freedom of Association

■ The United States Supreme Court has held that the freedom to associate is among the rights guaranteed by the first amendment of the United States Constitution. U.S. Const., amend. I; *National Ass'n for the Advancement of Colored People v. Alabama ex rel. Patterson*, 357 U.S. 449, 2 L. Ed. 2d 1488, 78 S. Ct. 1163 (1958). Although public employees have a fundamental right to join a union (*Chicago Division of Illinois Education Ass'n v. Board of Education*, 76 Ill. App. 2d 456, 222 N.E.2d 243 (1966)), there is no fundamental right to collective bargaining. *University Professionals of Illinois, Local 4100 v. Edgar*, 114 F.3d 665 (7th Cir. 1997). The Board's inability to certify the bargaining unit simply prevents the Board from becoming involved in the collective bargaining process between the City and the union. It does not prevent the City police officers from joining the union itself. Therefore, their first amendment rights to associate have not been infringed.

## B. Equal Protection Clause

The fourteenth amendment of the United States Constitution forbids a state to deny any person within its jurisdiction the equal protection of the laws. U.S. Const., amend. XIV; *Williams v. Illinois*, 399 U.S. 235, 26 L. Ed. 2d 586, 90 S. Ct. 2018 (1970). The level of scrutiny applied in reviewing laws, which include legislative classifications, varies depending upon the nature of the classification. Classifications based on race or natural origin, or affecting fundamental rights, receive a heightened level of review under the strict scrutiny standard, while economic and social welfare legislation is reviewed under the rational basis test. *In re A.A.*, 181 Ill. 2d 32, 690 N.E.2d 980 (1998). As articulated above, there is no fundamental right at issue, nor is there a classification based on race or natural origin. Hence, the statute must be analyzed under the rational basis test. Under this test, the statute need only have a rational basis for distinguishing the class to which the law applies from the class to which the law does not apply. *People v. Hamm*, 149 Ill. 2d 201, 595 N.E.2d 540 (1992). If any set of facts reasonably can be conceived to justify the classification, it must be upheld. *In re A.A.*, 181 Ill. 2d at 38, 690 N.E.2d at 982.

The Solicitor General offers a multitude of reasons why the legislature exempted governmental units with less than 35 employees from the Act. Those reasons include conserving the Board's resources, reducing the Board's caseload, and a smaller city's enhanced ability to

interact more closely with its union members. Any one of these justifications is enough to overcome a rational basis challenge to the Act. Accordingly, the Act does not violate the equal protection clause.

## C. Special Legislation Clause

Article 4, section 13, of the Illinois Constitution provides "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable." Ill. Const. 1970, art. 4, § 13. The purpose of this special legislation clause is to prevent arbitrary legislative classifications that discriminate in favor of a select group without a sound, reasonable basis. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). A special legislation challenge is generally judged under the same standards applicable to an equal protection challenge. *Best*, 179 Ill. 2d at 393, 689 N.E.2d at 1070-71. Consequently, in light of the analysis above, the Act is not violative of the special legislation clause of the Illinois Constitution.

For the foregoing reasons, the judgment of the Illinois State Labor Relations Board is affirmed.

Affirmed.

HOMER, P.J., and SLATER, J., concur.