FIRST DIVISION

September 23, 2002

No. 1-01-2076

STANLEY L. PIERCE, ) Appeal from the

) Illinois Educational

Petitioner-Appellant, ) Labor Relations Board.

)

v. ) No. 99 CA 0002-C 

) 

ILLINOIS EDUCATIONAL LABOR )

RELATIONS BOARD and CITY COLLEGES )

OF CHICAGO-MALCOLM X COLLEGE, ) 

) 

Respondents-Appellees. ) 

PRESIDING JUSTICE GORDON delivered the opinion of the court: 

Petitioner-appellant Stanley Pierce (petitioner) filed charges of unfair labor practices against his employer, respondent-appellee City Colleges of Chicago-Malcolm X College (City Colleges), with respondent-appellee Illinois Educational Labor Relations Board (Board).  The Board conducted an investigation and issued a complaint.  A hearing was held, and at its conclusion, an administrative law judge (ALJ) recommended the dismissal of the complaint due to a lack of supportive evidence.  Petitioner filed for review with our court instead of filing exceptions to the ALJ's decision with the Board.  Petitioner then filed a motion with the Board for leave to file his exceptions 
instanter
.  The Board denied this motion and accordingly issued a final opinion and order adopting the recommended decision of the ALJ.  Petitioner appeals 
pro se
, asking that we entertain this appeal on its merits so as to reverse the findings of the Board and award him compensatory and punitive damages, as well as lost benefits.  For the reasons stated below, we dismiss this appeal.

BACKGROUND

The record of the proceedings before the Board indicate the following facts, which are not in dispute.

Petitioner was an adult educator employed by Malcolm X College, one of seven City Colleges of Chicago.  He testified that since 1988, he had been teaching literacy at the Cook County Department of Corrections (CCDOC), one of City Colleges' sites for adult education.  City Colleges typically monitored the classes of adult educators three times per semester; however, this number could increase if attendance was low or problems were reported.  The American Federation of State, County and Municipal Employees, Council 31, Local 3506 (union), represented City Colleges' adult educators, and a collective bargaining agreement governed the terms and conditions of their employment.  Pursuant to this agreement, the maximum number of hours an adult educator could teach was 24 hours per week; petitioner's scheduled teaching hours comprised this maximum.  

In December 1997, petitioner was informed that his schedule would be reduced to 16 hours per week.  In January 1998, petitioner spoke with his union and a grievance was filed on his behalf, as well as other employees, against City Colleges protesting this reduction.
(footnote: 1)  In the following months, City Colleges monitored petitioner's classes more frequently, as well as those of Oscar Walden, the only other adult educator teaching similar classes at CCDOC.  City Colleges noted that the classes at CCDOC rarely began on time, if at all, and often experienced very low attendance.  

Petitioner, Walden, the dean of City Colleges and the coordinator who was monitoring the CCDOC classes exchanged written correspondence and held meetings in an effort to solve these problems.  Several new schedules were proposed, and, as a result, petitioner's and Walden's class times were shifted as a means of affording CCDOC students a better start time and, in turn, increasing attendance.  Class locations in CCDOC were also changed to provide the students with easier access to petitioner's and Walden's classes.  Further monitoring revealed, however, that problems persisted.  In addition, City Colleges discovered that placement test scores of those students in petitioner's literacy classes were high, indicating that they should be enrolled in more advanced classes.  

For these reasons, City Colleges cancelled the literacy classes at CCDOC and reassigned petitioner and Walden to teach elsewhere.  On June 30, 1998, petitioner filed a charge with the Board against City Colleges for unfair labor practices, alleging that City Colleges had harassed him, discriminated against him and cancelled his classes in retaliation for his filing the earlier grievance regarding the reduction in hours.  The Board investigated petitioner's charge and issued a complaint based on his assertions.  

A hearing was held in June 2000.  Petitioner appeared 
pro se
.  He, as well as several other witnesses, testified and exhibits were entered into evidence.  On November 14, 2000, the ALJ issued her recommended decision and order.  In it, she found that the dean of City Colleges had "testified credibly" as to the reasons for the cancellation of petitioner's classes.  Moreover, she found that petitioner failed to satisfy his burden of establishing a 
prima facie
 case of employer interference, restraint or coercion under section 14(a)(1) of the Illinois Educational Labor Relations Act (Act) (115 ILCS 5/14(a)(1) (West 1998)), because he could not show that City Colleges' cancellation of his classes was motivated by his filing the grievance regarding reduction in hours.  The ALJ concluded that based on the evidence, there was no support for petitioner's claim of anti-union animus or that any of City Colleges' actions would have been different had he not filed the work-hour grievance.  After dismissing the complaint, the ALJ included the following language in her recommended decision:

"
Right to Appeal

Pursuant to 80 Ill. Adm. Code 1105.220(b) and (d), the parties may file exceptions to this Recommended Decision and Order and briefs in support of those exceptions no later than twenty-one (21) days after receipt of this Recommended Decision and Order.  If no exceptions are filed within the 21-day period, the parties will be deemed to have waived their exceptions, and unless the [Board] decides on its own motion to review this matter, this Recommended Decision and Order will become final and binding on the parties."

The record shows that petitioner received a copy of the ALJ's decision via certified mail on November 16, 2000.

On December 6, 2000, petitioner filed with this court a document that he designated as his "petition for review," and that we accepted as his notice of appeal, stating in its entirety:

"Plaintiff-Appellant, Stanley L. Pierce, 
Pro se
, hereby appeals to the Illinois Appellate Court, First Judicial District, from the Decision and Order of the Illinois Educational Labor Relations Board Issued on December [
sic
] 14, 2000 in the matter of Cased Number 99-CA-0002-C inwhich [
sic
] the IELRB ruled in favor of City Colleges of Chicago - Malcolm X College."

The Board was served with a copy of this notice of appeal on December 7, 2000.  Later, on December 20, 2000, petitioner sent and the Board received a "Filing of Exceptions" to the ALJ's recommended decision and an attached motion for leave to file exceptions 
instanter
.  Petitioner admitted therein that he mistakenly filed an appeal to this court in this matter
(footnote: 2) but that he corrected his error as soon as he discovered it by bringing this motion before the Board.  

On May 16, 2001, the Board issued its final opinion and order.  It found that petitioner had received a copy of the ALJ's decision on November 17, 2000.
(footnote: 3)  It then concluded that, pursuant to sections 1105.220(b) and (d) of the Board's rules and regulations (80 Ill. Adm. Code §§1105.220(b), (d) (1991)), and as specifically set forth in the last paragraph of the ALJ's recommended decision, petitioner had 21 days after receiving the ALJ's recommended decision to file exceptions with the Board or ask for an extension of time to so file.  Because he had not done so, he waived these exceptions.  The Board rejected petitioner's argument that because he had filed his "petition for review" within the 21-day period with the appellate court, the Board was required to address it as if he had file exceptions with the Board within the 21-day filing period.  First, the Board held that "neither the Act nor the Rules and Regulations provide for such an exception to the requirement that parties file exceptions within twenty-one days with the Board."  Second, it cited the appellate court's reaffirmance of the public policy of "speedy resolution of unfair labor practice charges in the educational labor relations area" as found in 
Mattoon Community Unit School District No. 2 v. Illinois Educational Labor Relations Board
, 193 Ill. App. 3d 875, 884 (1990), stating that strict enforcement of the 21-day rule furthered this policy.  Accordingly, because the determinative date for filing the exceptions with the Board was December 8, 2000, and because petitioner did not file them with the Board until December 20, 2000, the Board denied petitioner's motion to file exceptions 
instanter
 as waived due to untimeliness.

ANALYSIS

Petitioner presents several issues on review dealing with the merits of his appeal.
(footnote: 4)  The Board, however, states that the dispositive issue on appeal is the procedural one; that is, whether its denial of petitioner's motion for leave to file his exceptions late was plainly erroneous, arbitrary or unreasonable where petitioner failed to meet the 21-day deadline pursuant to Board regulations.  The Board urges that we affirm this appeal by reason of waiver.  City Colleges additionally argues that we should dismiss petitioner's appeal and affirm the Board's decision because petitioner's untimely filing divests us of subject matter jurisdiction over the cause.  

As a threshold matter, we agree with City Colleges that if the filing of petitioner's objections with the Board were untimely under the circumstances of this case, we would not have jurisdiction to review this cause.  The Administrative Review Law (735 ILCS 5/3-101 
et seq.
 (West 1998)), in conjunction with the Act, governs judicial review of an order of the Board.  See 115 ILCS 5/16(a) (West 1998).  Section 3-102 of the Administrative Review Law states that "[i]f *** an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed[,] *** such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter."  735 ILCS 5/3-102 (West 1998).  As shall be more fully discussed below, under section 1105.220(b) of the Board's rules, exceptions must be filed within 21 days or else the ALJ's recommended decision becomes final.  See 80 Ill. Adm. Code §1105.220(b) (1991).  Thus, if this regulation is otherwise valid, a failure to comply with it would dovetail with section 3-102 of the Administrative Review Law, so as to deprive this court of its subject matter jurisdiction.  Accordingly, unless we found that the circumstances in this case would suffice to circumvent the requirements of this regulation, our jurisdiction to review this appeal would be limited solely to a determination of the jurisdiction of the administrative agency over the person or subject matter of this appeal.  We note at this juncture that petitioner does not purport to challenge the jurisdiction of the Board over this matter, nor does there appear to be any merit for mounting such a challenge.  Accordingly, the failure to file timely exceptions, unless otherwise condonable, would serve to deprive us of any subject matter jurisdiction over this appeal.  

Even if the 21-day filing rule were not jurisdictional in nature, it would support the Board's waiver defense in that the failure to file timely exceptions would be deemed to waive any such exceptions to the Board's determination.  Petitioner appears to challenge both the Board's jurisdictional defense as well as the Board's waiver defense on the grounds that there are exigencies in the circumstances of his case that would suffice to circumvent a strict application of the 21-day filing rule.  In that regard, we first proceed to consider the efficacy of the Board's waiver defense.

Section 5(i) of the Act allows the Board to adopt and promulgate any rules or regulations "it deems necessary and feasible to carry out" the Act and its policies.  115 ILCS 5/5(i) (West 1998); see 
Jones v. Illinois Educational Labor Relations Board
, 272 Ill. App. 3d 612, 624 (1995).  Pursuant to this ability, the Board established procedures for the resolution of disputes between employee-educators and employer-schools, and codified these rules in the Illinois Administrative Code (Code) (see 80 Ill. Adm. Code §1105.10 
et seq.
 (1991)).  Section 1105.220(b) of the Code, dealing with general hearing procedures, states that once a recommended decision is issued, a party may file exceptions "no later than twenty-one days after the receipt of the recommended decision."  80 Ill. Adm. Code §1105.220(b) (1991).  The exceptions must be filed with the Board's general counsel and must "specify each finding of fact and conclusion of law to which exception is taken."  80 Ill. Adm. Code §1105.220(b) (1991).  "If no exceptions have been filed within twenty-one days" after receipt of the recommended decision, "the parties will be deemed to have waived their exceptions."  80 Ill. Adm. Code §1105.220(d) (1991).  In conjunction with this, section 1120.50 of the Code, which deals more specifically with proceedings involving assertions of unfair labor practices, further emphasizes the 21-day deadline by tracking section 1105.220(b)'s language that "exceptions [to a recommended decision] shall be filed no later than 21 days after service of the recommendation. *** If no exceptions have been filed within the 21-day period, the parties will be deemed to have waived their exceptions."  80 Ill. Adm. Code §1120.50(a) (1991).

In the instant case, petitioner received a copy of the ALJ's recommended decision on November 17, 2000, via certified mail.  Pursuant to sections 1105.220 and 1120.50 of the Board's rules and regulations, then, petitioner had 21 days in which to file his specific exceptions with the general counsel; that is, he needed to file his exceptions with the Board by December 8, 2000, in order to preserve them.  Moreover, in addition to the clear and unambiguous language found in these rules, the ALJ's recommended decision, as noted above, which was sent to petitioner, outlined both the 21-day time-limit to file exceptions and the consequences of violating that limit.  Petitioner, however, did not file exceptions with the Board until December 20, 2000.  This failure to file within the 21-day time-limit allowed amounted to a waiver by petitioner of his right to challenge the ALJ's recommended decision in the next step of the hearing process before the Board.  See 80 Ill. Adm. Code §§1105.220(d), 1120.50(a) (1991); 
Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board
, 289 Ill. App. 3d 1019, 1021 (1997).  

The facts in this case are very similar to those in 
Board of Education
, 289 Ill. App. 3d 1019.  In that case, a union filed a grievance on behalf of a teacher against the local board of education, alleging a violation of the collective bargaining agreement.  The grievance proceeded to arbitration.  The arbitrator found for the teacher, but the board of education refused to comply with the award.  Eventually, a complaint was filed against the board of education for unfair labor practices, and an administrative law judge found that the board of education had violated the Act.  The board of education received the ALJ's recommended decision on August 30, 1995, but did not file exceptions.  Instead, it waited until September 22, 1995, 23 days after receipt of the ALJ's recommended decision, to request an extension of time to file exceptions.  Citing several sections of the Illinois Administrative Code, we disagreed with the board of education's arguments that we should disregard its waiver of the right to file exceptions due to its failure to file them within 21 days.  See 
Board of Education
, 289 Ill. App. 3d at 1022 (acceptance of the board of education's assertions "would render meaningless the clear and unambiguous terms of the Illinois Administrative Code").  Instead, we held that the board of education's failure to timely file rendered the ALJ's decision final and binding on the parties.  See 
Board of Education
, 289 Ill. App. 3d at 1023.  This, in turn, "precluded" us from addressing the board of education's challenges to the ALJ's decision.  
Board of Education
, 289 Ill. App. 3d at 1023.

Like the board of education, petitioner here failed to file his exceptions, or a request for a time extension, within 21 days as required.  
Whereas the delay in 
Board of Education
 was only two days, petitioner did not file his exceptions with the Board for almost two weeks after the expiration of the 21-day period.  Our conclusion here, then, should be no different than that in 
Board of Education
; we are precluded from addressing petitioner's challenges to the ALJ's decision due to waiver.  See 
Board of Education
, 289 Ill. App. 3d at 1021 ("[i]t is established that a party aggrieved by an agency action must pursue all available administrative remedies before seeking judicial review.  [Citation.]  Any argument or objection which was not raised during the pendency of the administrative proceeding is deemed waived and cannot be asserted on judicial review of the agency decision").

Petitioner nevertheless claims that waiver should not be employed here because the Board's 21-day filing rule is arbitrary, and therefore unenforceable and void.  We disagree. As noted, the Board has the power, pursuant to the Act, to make and enforce any rule it believes will aid it in carrying out its policies.  See 115 ILCS 5/5(i) (West 1998); 
Jones
, 272 Ill. App. 3d at 624.  One such policy has consistently been the "speedy resolution of unfair labor practice charges in the educational labor relations area."  
Mattoon
, 193 Ill. App. 3d at 884; see 
Board of Trustees of the University of Illinois v. Illinois Educational Labor Relations Board
, 274 Ill. App. 3d 145, 154 (1995) (there is a special interest and need "to provide for speedy resolution of educational labor disputes").  Thus, pursuant to its powers, the Board formulated the 21-day time limit for filing exceptions to an ALJ's recommended decision.  Compare 
Board of Trustees
, 274 Ill. App. 3d at 147-48 (Board established section 1120.30 of Code setting 15-day time limit from receipt of complaint in which to file answer, as well as required specificity of that answer, pursuant to its powers); 
Jones
, 272 Ill. App. 3d at 624-25 (Board used powers found in section 5(i) of Act to promulgate regulation found in section 1100.20 of Code, which allows for the striking of exceptions to a recommended decision if not first served on opposing party).  Petitioner, as the party challenging the validity of the 21-day regulation, has the burden of proving its invalidity.  See 
Board of Trustees
, 274 Ill. App. 3d at 148.  However, because this regulation has the same effect as would a statute, it is presumed valid and will be sustained so long as it furthers the purposes of the Board and is "not arbitrary, unreasonable or capricious."  
Board of Trustees
, 274 Ill. App. 3d at 148.   

Moreover, we, as the reviewing court, must afford the Board, as the administrative agency, "respectful consideration" of the interpretation it gives its own rules; we cannot overrule that interpretation unless it is plainly erroneous.  
Board of Trustees
, 274 Ill. App. 3d at 152.  This is because the "Board's construction of its regulations is preferred and entitled to deference where it is reasonable."  
Board of Trustees
, 274 Ill. App. 3d at 152; see 
Mattoon
, 193 Ill. App. 3d at 883 ("[t]he decisions of the [Board] interpretating [
sic
] the legislation which it is charged with enforcing are entitled to deference on review").

In view of these principles, we cannot say that the Board's 21-day rule in which to file exceptions to the ALJ's recommended decision with the Board is arbitrary.  The Board promulgated this regulation pursuant to its authority granted under the Act.  The Board deemed it necessary to carry out its statutory duties.  See 115 ILCS 5/5(i) (West 1998).  Moreover, the regulation furthers the public policy proposed by the Act, fostering productive relationships between educational employers and employees and protecting the public in promoting the speedy resolution of labor disputes in the educational arena.  See 115 ILCS 5/1 (West 1998); 
Mattoon
, 193 Ill. App. 3d at 884.  In light of this, it is clear that the 21-day rule is reasonable and consistent with the Act, and is neither arbitrary nor capricious.  See 
Board of Education
, 289 Ill. App. 3d at 1021-22 (upholding Board's enforcement of same 21-day regulation and refusing to consider exceptions to recommended decision that were filed two days after expiration of this regulatory deadline); 
Board of Trustees
, 274 Ill. App. 3d at 154 (finding that Board's interpretation of "good cause" for the late filing of an answer to a complaint was "not arbitrary or unreasonable" and upholding Board's decision to deem allegations admitted though answer was filed only three days after the deadline for filing answers as set by Board regulations); 
Jones
, 272 Ill. App. 3d at 624-25 (upholding Board's striking of exceptions to recommended decision because exceptions were not served upon opposing party in violation of regulation governing filing and service of documents); 
Mattoon
, 193 Ill. App. 3d at 884 (finding that Board "did not err in interpreting and enforcing its administrative rules" when it deemed admitted the facts alleged in complaint as a result of opposing party's failure to file answer within time dictated in its regulations).

Petitioner next argues that even if the 21-day rule is valid and not arbitrary, he satisfied its requirements because he filed his "petition for review" in the appellate court and served it on the Board on December 6, 2000, two days before the expiration of the 21-day limit.  In support of this, petitioner repeatedly cites the holding of 
Kane County Defenders, Inc. v. Pollution Control Board
, 139 Ill. App. 3d 588, 590 (1985), which states that "a cause of action *** timely filed in the wrong venue and then transferred to the proper venue after the statutory filing period has expired *** remains timely filed."  Petitioner's arguments, however, are incorrect for several reasons.  First, 
Kane County Defenders
 is inapplicable here.  That case involved timeliness in relation to a statutory provision of the Code of Civil Procedure.  In contrast, the instant case involves timeliness in relation to administrative rules, an entirely separate body of law dictated by its own regulations.  Moreover, the error in venue the petitioner made in 
Kane County Defenders
 amounted simply to filing an action in the Appellate Court for the First District when it should have been filed in the Appellate Court for the Second District.  See 
Kane County Defenders
, 139 Ill. App. 3d at 590.  Because the venue for the action was essentially the same forum (
i.e.
, the appellate court), the action could be transferred and the cause remained unaffected.   In contrast, petitioner here filed a "petition for review" in the appellate court, although the Board's regulations clearly and unambiguously required him to file exceptions with the Board.  Then, almost two weeks later, petitioner filed a request with the Board to file his exceptions.  Unlike what occurred in 
Kane County Defenders
, petitioner's request to the Board was not a continuation of the action he began in the appellate court, but a different action seeking different relief in a completely different forum; this could not be "transferred" from the appellate court to the Board in the same manner as the cause in 
Kane County Defenders
 was transferred from one appellate court to another in search of the same relief.

Second, even if the "petition for review" were originally filed with the Board in a timely fashion, it would not substitute for the 21-day rule's requirement that "exceptions" be filed with the Board.  Petitioner fails to provide any case law, statutory rule or Board regulation supporting his argument that his petition filed with the court was the substantive equivalent of exceptions filed with the Board.  Moreover, upon closer examination of the petition itself, we cannot say that even had it been originally filed before the Board in lieu of exceptions, it would have been the functional equivalent of "exceptions" as required by Board rules.  As noted earlier, section 1105.220(b) of the Board's regulations clearly states that exceptions filed against an ALJ's recommended decision must "specify each finding of fact and conclusion of law to which exception is taken."  80 Ill. Adm. Code §1105.220(b) (1991).  Petitioner's petition for review, however, comprised, in its entirety, only one sentence indicating his general intent to appeal the decision against him.  He did not include any specific 
fact, conclusion or finding to which he was taking exception.  Thus, we cannot conclude that the Board should have accepted the petition for review, although filed and served within the time allotted, as the equivalent of exceptions dictated in the regulations or that the Board should have treated it accordingly.

Petitioner then argues that even if the Board had authority to invoke the 21-day rule, its application is invalid because the rule conflicts with due process rights.  An employee has a protected property interest in his employment discrimination claim.  See 
Lott v. Governors State University
, 106 Ill. App. 3d 851, 854 (1982).  However, there is no constitutional right for petitioner to proceed in an anachronistic fashion in enforcing this interest, as long as the rules governing the enforcement of that interest are valid.  Petitioner's argument would be the equivalent of stating that an administrative agency cannot impose any rules that may affect protected interests.  Yet, the law is clear that "there is no due process violation in an administrative agency proceeding where the negligence or intentional conduct of a party results in the dismissal of its claim."
  
Metz v. Illinois State Labor Relations Board
, 231 Ill. App. 3d 1079, 1093 (1992).  And, as we have previously stated herein, application of the Board's 21-day rule is not arbitrary, nor are the requirements of the rule onerous.  Thus, in failing to comply with the rule, petitioner deprived himself of his protected interest.  Furthermore, there is no indication in the record that the Board failed to actively pursue petitioner's claims against City Colleges or that petitioner was denied an opportunity to be heard.  In fact, at the hearing before the ALJ, he was able to give an opening statement, present his own and cross-examine City Colleges' witnesses, and present documentary evidence.  See 
Anderson v. Human Rights Comm'n
, 314 Ill. App. 3d 35, 41 (2000) (due process in administrative proceedings involves only parties' opportunity to cross-examine and offer rebuttal evidence).  Therefore, petitioner's due process claim is without merit. 

Petitioner's final argument is that his claims should not be waived under the 21-day filing rule because he is entitled to an exception to strict compliance pursuant to 
Mattoon
, 193 Ill. App. 3d at 881, as he proceeded 
pro se
 in this litigation.  
Generally, administrative agencies such as the Board are to enforce their regulations and "may not make 
ad hoc
 exceptions to or departures from their rules when adjudicating."  
Mattoon
, 193 Ill. App. 3d at 881.  However, an exception to strict compliance with a rule may be allowed by the Board when the rule relates to internal agency procedures or when the rule is waived to grant a person more lenient treatment.  See 
Mattoon
, 193 Ill. App. 3d at 881.  Because it is the Board's decision whether to grant an exception based on these reasons, our review is limited to the reasonableness of that decision, in light of the deference we must afford the Board in interpreting and enforcing its own administrative rules.  See 
Mattoon
, 193 Ill. App. 3d at 883-84.  We have already concluded that the 21-day rule, as well as the Board's application of it in the instant case, was not arbitrary.  Thus, contrary to petitioner's claims, we do not believe the Board was unreasonable or committed reversible error in concluding that the instant fact situation involved in the present case did not merit the application of an exception to strict compliance with the 21-day rule.

We also note that, even if we as the reviewing court had the power to invoke an exception to strict compliance, the facts presented would not warrant such an exception in the instant case.  First, the 21-day filing rule does not pertain solely to the internal agency procedures of the Board.  Instead, it is a time-based rule regulating and affecting the obligations imposed on petitioner as a party to the administrative proceeding.  See 
Mattoon
, 193 Ill. App. 3d at 882 (Board rule requiring that answers be filed within 15 days of service of complaint "[did] not pertain solely to internal agency procedures," as it imposed an obligation on the petitioner; therefore, exception to strict compliance was inapplicable); see also 
Metz
, 231 Ill. App. 3d at 1096-97 (because Board rule dealing with filing of answer affected obligations imposed on parties to administrative proceeding, it did not pertain solely to Board's internal procedures and exception was unwarranted).  Furthermore, while we acknowledge that petitioner appeared 
pro se
, we do not believe he merits an exception to strict compliance under the "lenient treatment of a person" standard either.  Petitioner did not provide us with any case law demonstrating the application of an exception on this basis.  Also, although petitioner appeared 
pro se
, he was fully informed of the rule he now challenges.  Not only does section 1105.220 of the Board's rules plainly set forth the requirements that exceptions to the ALJ's recommended decision be filed with the Board within 21 days of receipt of the recommended decision, but the ALJ's recommended decision, which was forwarded to petitioner, clearly set out these requirements in a separate, distinct paragraph on the same page as the ALJ's ultimate conclusion in the cause.  See 
Mattoon
, 193 Ill. App. 3d at 882 (the petitioner was fully informed of the Board's rule and the consequences of not following it by both the rule itself and the actual complaint served clearly listing text of the rule); see also 
Metz
, 231 Ill. App. 3d at 1096-97 (exception to strict compliance could not be applied because the respondent was "fully notified of the requirements for filing of answers to the complaint and the consequences of not doing so").   Thus, the Board reasonably could have concluded that no exception existed to prevent the requirement of strict enforcement of its rule, which "is tempered by the fact that [the rule] furthers the purpose of the Act."  
Board of Trustees
, 274 Ill. App. 3d at 154; see 
Metz
, 231 Ill. App. 3d at 1096-97.  

Accordingly, we find insufficient basis to reverse the determination of the Board pursuant to its waiver theory and, by the same token, must decline this review for lack of subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, this appeal is dismissed for want of jurisdiction.

Appeal dismissed.

McNULTY and COHEN, JJ., concur.

FOOTNOTES
1:
At step one in the grievance process, the dean of City Colleges reviewed petitioner's grievance and denied it.  The union appealed the decision to step two and a grievance hearing was scheduled.  However, the union withdrew its appeal.  Petitioner filed two charges of unfair labor practices against the union, both of which were dismissed by the Board in a final order.  He then filed for appeal in our court 
pro se
, but did so in an untimely manner in contravention of certain provisions of the Illinois Educational Labor Relations Act (115 ILCS 5/16(a) (West 1998)).  We held that because of this, no jurisdiction was conferred upon us and judicial review of the Board's order was barred.  See 
Pierce v. Illinois Educational Labor Relations Board
, 
No. 1--00--0092 (2001) (unpublished order under Supreme Court Rule 23).

2:
Petitioner moved the appellate court to withdraw his December 6, 2000, "petition [
sic
]."  That motion was granted on January 16, 2001.

3:
Again, the certified mail return receipt included in the record indicates that petitioner received a copy of the decision on November 16, 2000.  It is unclear why the Board concluded that the date of receipt was November 17, 2000.  As noted later in this order, the operative 21-day period allotted for the filing of exceptions ended either on December 7, 2000 (if the November 16 date is used), or on December 8, 2000 (if the November 17 date is used).  This becomes irrelevant, however, because the dates of petitioner's filings remain unaffected by this minor discrepancy.  For purposes of this appeal, we will adopt the Board's finding that petitioner received a copy of the ALJ's recommended decision on November 17, 2000.

4:
These include whether City Colleges violated Illinois House Bill 206 and the collective bargaining agreement in reducing adult educators' work hours; whether City Colleges violated the collective bargaining agreement by personally adjudicating petitioner's work-hour grievance at two successive stages in the grievance process; whether the ALJ properly "adapted the proceedings to the nature and circumstances of the dispute;" whether the ALJ acted arbitrarily and capriciously when she "failed to consider and resolve crucial aspects of the dispute"; and whether City Colleges' action of requiring petitioner to enroll more students was contrary to public policy.