No. 3--01--0406

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

KANKAKEE COUNTY BOARD ) Petition for Review of Order

OF REVIEW, ) of the Illinois Property Tax

Petitioner-Appellant, ) Appeal Board

)

)

) 

STATE OF ILLINOIS PROPERTY ) 

TAX APPEAL BOARD and ) 

UNITED COATING ) Docket Number 97-286-C-1 and

Respondents-Appellees.   ) 98-00969-1-3

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

This is an action for direct administrative review of a decision of the Illinois Property Tax Appeal Board (PTAB).  United Coatings filed two real property assessment appeals with PTAB, one seeking a reduction in the Kankakee County Board of Review's (Board) assessed valuation of a parcel of property for the 1997 tax year from $767,886 to $699,300, and the other seeking a reduction for the 1998 tax year from $1,066,560 to $700,000.  After the assessment appeals were consolidated, PTAB issued a decision granting United Coating's reduction for each appeal and reducing the Board's assessment for the property for both tax years.  The Board filed a petition for direct review with this court pursuant to section 16-195 of the Property Tax Appeal Code (35 ILCS 200/16-195 (West 2000)), which provides for direct appeal to the appellate court where a change in assessed valuation of $300,000 or more.  We affirm.  

FACTS

On January 14, 1998, United Coatings filed a property assessment with the PTAB, seeking a reduction in the Board's assessment for the 1997 tax year for a parcel of industrial property located at 2850 Festival Drive, Kankakee, Illinois.  The parcel consists of 44.24 acres and is improved with a one-story steel frame industrial building covering 273,336 square feet.  At the time of the assessment at issue the building was about 28 years old.  At the time of the assessment appeal, the property was zoned I-1 (restricted industrial).

The appeal petition stated that the Board had assessed the property at $767,886.  United Coatings claimed that the property should have been assessed at $699,300.  In support of the appeal, United Coatings submitted an appraisal prepared by Midwest Appraisal Company (MAC).  In response to the appeal, the Board submitted an appraisal of the subject property prepared by Mildice AM Coll Appraisers (Mildice).

On February 15, 1999, United Coatings filed another industrial property assessment appeal with the PTAB, this time seeking a reduction in the Board's assessment of the property for the 1998 tax year.  The Board had assessed the property at $1,066,560.  United Coatings claimed the property should have been assessed at $700,000.  In support of its appeal, United Coatings submitted the 1997 MAC appraisal.  The Board submitted the 1997 Mildice appraisal.  

The two appeals were consolidated before the PTAB.  On September 19, 2000, the Board filed a motion for leave to file newly discovered evidence.  The Board asserted that negotiations to sell the property (now owned by the Knapp Family Trust) were pending and that the owner and the lessee of the property had petitioned the Kankakee County Zoning Board of Appeals to rezone the property.  As a result, the Board sought to admit a transcript of the zoning hearing and correspondence reflecting the range of the purchase price being negotiated.  

     On October 5, 2000, the Board filed another motion for leave to file newly discovered evidence, this time seeking to admit the Illinois Real Estate Transfer Declaration for the sale of the property, which had occurred on or about September 20, 2000.  The PTAB denied the Board's motions, finding that the new evidence was not timely submitted and neither of the parties that had participated in the zoning hearing and signed the transfer declaration were parties to the 1997 or 1998 assessment appeals.  

On January 23, 2001, the Board filed a motion for issuance of subpoenas.  It sought to subpoena Jules Knapp, trustee of the Knapp Family Trust and owner of the subject property; Frank Moravek, president and chief executive officer of Micro Inks Corporation (the prospective buyer); and John Pinion, an engineer who performed environmental site assessment and design activities on the property prior to June 2000.  On January 24, 2001, the PTAB denied the Board's request for issuance of subpoenas.  

After some further motion practice, United Coatings and the Board filed a joint motion for decision without hearing on February 14, 2001.  In the motion, United Coatings dropped its objection to the admission of transcripts of the zoning hearing and the real estate transfer declaration into evidence.  The PTAB granted the joint motion, and the transcripts and transfer declaration were accepted into evidence.  

On May 15, 2001, the PTAB issued its decision.  The PTAB determined that the reductions requested by United Coatings for the 1997 and 1998 tax years were warranted.  In so doing, the PTAB found that the best evidence of the property's fair market value was the MAC appraisal.  It noted that the appraisers for both parties relied most heavily on the sales comparisons approach in determining fair market value.  In concluding that the MAC appraisal's sales comparison approach was the best evidence of value, the PTAB rejected the Board's argument that the comparables used in the MAC appraisal were too old where they occurred in 1994 and 1995.  The PTAB noted that the Board's own evidence included sales from 1986 and 1989.    

     The PTAB further found that the evidence of the subject property's sale price in September 2000 was entitled to little weight.  The PTAB observed that the sale occurred almost 4 years after the 1997 assessment and almost 3 years after the 1998 assessment.  It also noted that no information was submitted regarding the conditions, concessions and other rights and duties in the real estate purchase contract.  The PTAB also noted that a significant change occurred to the property after the assessment dates in issue.  Specifically, the buyer had requested that the property's zoning be changed to a more intensive industrial zoning and requested a special use permit.  The PTAB found that these changes, once made, "could significantly alter the value of the subject property" and that, therefore, the subject's value may have changed due to the sale and other contingencies.  

On May 22, 2001, the Board filed a petition for direct review with this court, seeking review of the PTAB's decision for both assessment years.

ANALYSIS

Final decisions of the PTAB are subject to judicial review under the Administrative Review Law (735 ILCS 5/3-101 
et
 
seq
.(West 2000)).  Under this statute, the factual findings of an administrative agency are 
prima
 
facie
 true and correct and will not be disturbed by a reviewing court unless they are against the manifest weight of the evidence.  735 ILCS 5/3-110 (West 2000); 
Kankakee County Board of Review v. Property Tax Appeal Board
, 131 Ill. 2d 1, 14 (1989).  

An administrative decision is not against the manifest weight of the evidence where the record contains some competent evidence to support the agency's finding.  
LaSalle Partners, Inc. v. Property Tax Appeal Board
, 
269 Ill. App. 3d 621, 632 (1995).  Only where all reasonable and unbiased persons would agree that the decision is erroneous and that an opposite conclusion is clearly evident, is the decision against the manifest weight of the evidence.  
LaSalle Partners
, 269 Ill. App. 3d at 632.

In Illinois, property is to be assessed at 33 1/3 % of its "fair cash value."  35 ILCS 200/9-145 (West 2000).  The term "fair cash value" is defined as what a willing buyer will pay a willing seller in an arm's length transaction.  35 ILCS 200/1-50 (West 2000).  Further, "[f]air cash vale is synonymous with fair market value and is defined as the price a willing buyer would pay a willing seller for the subject property, there being no collusion and neither party being under any compulsion."  
Ellsworth Grain Co. v. Property Tax Appeal Board
, 172 Ill. App. 3d 552 (1988).  There are three basic methods of valuation: market comparisons, income analysis, and reproduction costs less depreciation. 
Ellsworth Grain
, 172 Ill. App. 3d at 557.  Where there is evidence of comparable sales, the market approach should be used.  
Board of Review of the County of Alexander v. Property Tax Appeal Board
, 304 Ill. App. 3d535, 538 (1999).  

In the instant matter, the crux of the Board's appeal is the PTAB erred in not considering conclusive the sale price of the subject property in 2000 in determining the fair market value for the 1997 and 1998 tax years.  According to the Board, "[a]n arm's length sale of the subject property is not only relevant in determining the fair cash value, it is almost conclusive."  See, 
People ex rel. Korzen v. Belt Railway Company of Chicago
, 37 Ill. 2d 158, (1967).  Furthermore, the Board notes, a sale of the property that occurred after the relevant tax assessment date may be considered, unless it is too elusive as to the value on the assessment date.  
Rosewell v. 2626 Lakeview Limited Partnership
, 120 Ill. App. 3d 369 (1983).  Relying upon 
Rosewell
, the Board maintains that PTAB erred in not giving conclusive weight to the 2000 sale of the property.  

We disagree.  The Board reads 
Rosewell
 too broadly.  
Rosewell
 simply holds that assessing officials are not precluded as a matter of law from considering a future sale in determining value.  
Rosewell
, 120 Ill. App. 3d at 375.  
Rosewell
 notes that "[v]alues which are future in character may not be taken into consideration, however, where they are so elusive and difficult to ascertain that they have not affected the present market value of the property."  
Rosewell
, 120 Ill. App. 3d at 375.  
Rosewell
 seems to say that while evidence of a future sale should not necessarily be excluded, it should never be considered as conclusive evidence of value at a previous point in time.       

Here, the Board simply placed the 2000 sale into evidence through the transfer declaration, without any further evidence concerning the nature of the transaction.  The Board asked PTAB to assume that the transaction was arm's length and that there were no other conditions or concessions to the sale.  As to the contemporaneous nature of the 2000 sale to the 1997 and 1998 tax years, we note that the re-zoning and special use application granted immediately prior to the sale may have had a significant impact on the subsequent purchase price.  The Board comments that the re-zoning and special use provisions were minor in nature.   However, this was a question of fact for the PTAB to decide.  
National City Bank v. Illinois Property Tax Appeal Board
, 331 Ill. App. 3d 1038 (2002).  

Ultimately, the decision of PTAB to place greater weight upon the MAC appraisal than the subsequent 2000 sale price in determining fair market value for the 1997 and 1998 tax years was not against the manifest weight of the evidence.  The interposition of the re-zoning and special use call into question the value of the subsequent sale, while the quality and thoroughness of the MAC appraisal would support its use by PTAB in determining the value of the property in the relevant years.    We thus find that PTAB's decision is supported by the manifest weight of the evidence.  

The Board also maintains that PTAB committed reversible error in denying its request to issue subpoenas to Jules Knapp, Frank Moravek and John Pinion to testify at the hearing on the assessment appeals.  We disagree.  Absent some indication that a restriction on evidence has a prejudicial impact upon an administrative proceeding, any error in that regard does not rise to the level of reversible error.  
Citizens Against Regional Landfill v. Pollution Control Board
, 255 Ill. App. 3d 903, 909 (1994).  In its motion for subpoena, the Board noted that the subpoena's were necessary as PTAB had denied its request to enter the transcripts of the zoning board hearing into evidence.  Subsequently , PTAB allowed the transcripts to be admitted.  Since the subpoenas were sought as an alternative to the admission of the transcripts, we find no prejudice in denying the issuance of subpoenas once the transcripts were admitted.      

For the reasons stated above, the decision of the Property Tax Appeal Board is affirmed.

Affirmed.  

MCDADE, P. J., and SLATER, J., concur.