MERISANT COMPANY, Petitioner-Appellant, v. THE KANKAKEE COUNTY BOARD OF REVIEW *et al.*, Respondents-Appellees.

Third District    No. 3—03—0185

Opinion filed September 1, 2004.

Ronald J. Stone (argued), of Stratton, Giganti, Stone & Kopec, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Carol A. Cera (argued), Assistant Attorney General, of counsel), for appellee Illinois Property Tax Appeal Board.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer, of State's Attorneys Appellate Prosecutor's Office, and Brenda L. Gorski (argued), Assistant State's Attorney, of counsel), for appellee Kankakee County Board of Review.

Dawn M. Hinkle and John F. Canna, both of Canna & Canna, Ltd., of Orland Park, for appellee Manteno Community Unit School District.

JUSTICE McDADE delivered the opinion of the court:

Petitioner, Merisant Company (Merisant), through its attorney, filed an industrial appeal with the Property Tax Appeal Board (PTAB) from a final decision of the Kankakee County Board of Review (Board of Review or Board) regarding its property located at 1551 Boudreau Road in Manteno, Illinois, for assessment year 2001. PTAB dismissed Merisant's appeal for lack of jurisdiction. We affirm.

## BACKGROUND

On August 16, 2002, Merisant received notice from PTAB that the Board of Review had filed a motion to dismiss its appeal for lack of jurisdiction by PTAB. The motion asserted Merisant filed a complaint with the Board of Review on November 6, 2001; on November 16, 2001, the Board of Review notified Merisant a hearing was scheduled for December 20, 2001; that neither petitioner nor its representative appeared at the hearing; and no continuance was granted. The Board of Review cited section 16—160 of the Property Tax Code (35 ILCS 200/16—160 (West 2000)), which states, in pertinent part, as follows:

"In any appeal where the board of review *** has given written notice of the hearing to the taxpayer 30 days before the hearing,

failure to appear at the board of review \*\*\* shall be grounds for dismissal of the appeal unless a continuance is granted to the taxpayer. If an appeal is dismissed for failure to appear at a board of review \*\*\* hearing, [PTAB] shall have no jurisdiction to hear any subsequent appeal on that taxpayer's complaint."

Manteno Community Unit School District No. 5 (Manteno) filed a request to intervene in Merisant's appeal proceedings as a taxing district with a revenue interest in the subject property. The school district subsequently moved to dismiss the appeal on the same grounds.

Merisant filed responses to those motions from which the following facts are taken. Merisant filed a complaint regarding the subject property and the Board of Review scheduled a hearing on the complaint for December 20, 2001, at 10:30 a.m. Merisant, through its attorney in Springfield, Illinois, retained local counsel in Kankakee County to represent it at the hearing. Local counsel failed to appear due to a mistake by his secretary. Upon learning of the mistake, local counsel filed a document titled "Request to Reset Hearing" with the Board of Review and supported his request with an affidavit. According to Merisant, local counsel was informed the request would be presented to the Board of Review the following week. In response to local counsel's letter following up on his unanswered request, the Board of Review, by letter dated March 7, 2002, sent local counsel a copy of the original notice of hearing. The Board of Review never ruled on Merisant's request to reset the hearing. Also in its response, Merisant states the Board of Review never issued a notice of final decision on assessed value (Notice of Final Decision) regarding the subject property. Merisant claims it was waiting for that notice before filing an appeal with PTAB "as an exhaustion of remedies requirement," but "[a]fter it became clear that the Board of Review was not going to issue such a Notice of Final Decision," Merisant filed its appeal to PTAB.

PTAB, by letter to the Board of Review, asked whether the Board had issued a written notice to Merisant of the dismissal of its complaint for failure to appear at the scheduled hearing. If no such notice was sent, the Board of Review was to submit a brief explaining why the failure to give notice does not preclude dismissal of Merisant's appeal to PTAB. The Board of Review had not sent such written notice to Merisant. In its brief, the Board of Review asserted "[t]he basis of the Motion to Dismiss is [Merisant's] failure to comply with state statutory exhaustion of remedies as required [by section 16—160 of the Property Tax Code (35 ILCS 200/16—160 (West 2000))]." The Board of Review argued that "[s]ection 16—160 does

not require that written notice of dismissal be issued. The [notice of hearing] from the Board of Review very plainly stated the consequences of failure to appear for the hearing." That notice read as follows:

"Failure to appear at the time and place indicated will forfeit your right to such a hearing before the Board of Review on this property for the year(s) indicated and the tentative calculation shown above will be fixed as the final valuation. Due to time constraints no continuance will be granted; however, if contacted soon after receipt of notice an earlier hearing *MAY* be scheduled upon request, by calling (815) 937-2995." (Emphasis in original.)

The Board of Review distinguished earlier PTAB decisions that found an exhaustion of remedies had occurred when the Board of Review issued a written notice of dismissal. The brief concluded that "[f]ailure to appear before the board of review for hearing after having been given thirty days notice of said hearing *** is fatal for establishing jurisdiction before [PTAB]."

PTAB dismissed Merisant's appeal, concluding it did not have jurisdiction. PTAB stated, in pertinent part, as follows:

"The record is clear that [Merisant] *** was given more than thirty days notice of the scheduled board of review hearing[,] *** counsel did not attend the scheduled hearing[,] and no continuance was granted. Additionally, the hearing notice *** was unambiguous in stating that the failure to appear *** [would] forfeit the *** right to a hearing *** and that the tentative valuation would be the final assessment of the subject property[,] *** for all practical purposes a dismissal of the appellant's board of review complaint. Based on these facts [PTAB] finds that it does not have jurisdiction over the appeal and grants the motions to dismiss ***."

This appeal followed.

## ANALYSIS

Final decisions of PTAB are subject to judicial review under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2002)). Under this statute, the factual findings of an administrative agency are *prima facie* true and correct and will not be disturbed by a reviewing court unless they are against the manifest weight of the evidence. *Kankakee County Board of Review v. Property Tax Appeal Board*, 337 Ill. App. 3d 1070, 1074, 787 N.E.2d 865, 868 (2003). However, " '[the] court is not bound by the administrative agency's conclusions of law,' " which are reviewed *de novo. Kankakee County Board of Review v. Property Tax Appeal Board*, 316 Ill. App. 3d 148, 151, 735 N.E.2d 1011, 1014 (2000), quoting *Citizens for Preservation of Knox County, Inc. v. Illinois Department of Mines & Minerals*, 149 Ill. App. 3d 261, 264, 500 N.E.2d 75, 77 (1986). PTAB's jurisdiction is

a question of law (*County of Knox ex rel. Masterson v. The Highland, L.L.C.*, 188 Ill. 2d 546, 555, 723 N.E.2d 256, 262 (1999)), and therefore the standard of review is *de novo.*

■ Generally, review of a final decision of an administrative agency extends to all questions of law and fact presented by the record. *Kankakee County Board of Review v. Property Tax Appeal Board*, 305 Ill. App. 3d 799, 801-02, 715 N.E.2d 274, 276 (1999). The Property Tax Code created the county boards of review (35 ILCS 200/6—5 through 6—55 (West 2002)), but that article did not expressly adopt the Administrative Review Law. (The Property Tax Code adopted the Administrative Review Law for review of all final administrative decisions of the Department of Revenue (35 ILCS 200/8—40 (West 2002)) and PTAB (35 ILCS 200/16—195 (West 2002)).

> "When an administrative agency has rendered a final decision, the law provides that the courts may review the decision through either statutory or common law procedures. [Citation.] If the statute creating or conferring power on an administrative agency expressly adopts the Administrative Review Law, the provisions of the statute govern every action to review that agency's decisions. [Citation.] If, as here, the Administrative Review Law is inapplicable, a party may seek review of a final agency decision through a common law writ of *certiorari.* [Citation.] The differences which once existed between the statutory and common law methods of reviewing decisions of administrative agencies have been all but lost, and now the nature and extent of judicial review is virtually the same under both methods." *Dubin v. Personnel Board of the City of Chicago*, 128 Ill. 2d 490, 497-98, 539 N.E.2d 1243, 1246 (1989).

The Administrative Review Law defines an administrative decision as one that "terminates the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 2002). PTAB found the Board of Review's action in this case to be "for all practical purposes a dismissal of [Merisant's] board of review complaint." It also found that the Board's action deprived it of jurisdiction over Merisant's appeal. If PTAB was correct, then the action of the Board of Review terminated proceedings before the administrative agency. Although no writ of *certiorari* has been filed in this case, given the fact the Board of Review's actions effectively terminated proceedings before the administrative agency, and the fact that "[t]he differences which once existed between the statutory and common law methods of reviewing decisions of administrative agencies have been all but lost" (*Dubin*, 128 Ill. 2d at 498, 539 N.E.2d at 1246), this court will review the actions of the Board of Review.

## A. PTAB's Jurisdiction

■ Merisant first argues equity requires that its case be heard on the merits because the evidence shows that its property was over-assessed. Merisant relies on its appraisal report and Manteno's appraisal report, each of which shows an assessed value lower than that used by the Board of Review. "[A]n administrative agency derives its jurisdiction from the enabling legislation and lacks power to act beyond that grant." *Villegas v. Board of Fire & Police Commissioners*, 167 Ill. 2d 108, 126, 656 N.E.2d 1074, 1083 (1995). Merisant cites no authority for the proposition that equitable principles can overcome a statutory bar to the exercise of jurisdiction. Further, section 16—180 of the Property Tax Code requires only that PTAB establish, by rules, "informal procedure[s] for the determination of the correct assessment of property." 35 ILCS 200/16—180 (West 2002). Merisant cites no rule or other authority for the proposition PTAB would have to accept the appraisals it relies upon or what weight they would be given.

Next, Merisant argues PTAB has found it had jurisdiction to hear appeals from complaints dismissed by the Board of Review for failure to present specific evidence in support of the complaint in violation of the Board of Review's rules. (The Board of Review has, in the past, moved to dismiss appeals before PTAB "where the taxpayer failed to present the evidence required" to the Board of Review for failure to exhaust administrative remedies.) Merisant contends any distinction between cases where a complaint is dismissed for failure to present evidence and one where it is dismissed where the taxpayer failed to appear and the Board of Review failed to reschedule hearing is arbitrary and unreasonable. The basis for Merisant's assertion that these situations are similar is its position that the Board of Review "has a history of trying to deny due process to taxpayers who are trying to obtain property tax relief." Merisant urges, in essence, that PTAB should not allow its jurisdiction to be limited by the Board's wrongful efforts to deny taxpayers due process. Merisant argues "[a]dministrative agencies are bound by prior custom and practice in interpreting their rules and if a past practice is departed from, the action is arbitrary and unlawful." Merisant has included with its brief previous letter decisions from PTAB making those rulings it relies upon for this argument.

Merisant's arguments regarding the Board's motives are unsupported by evidence. Nor can this court conclude the PTAB's earlier decisions were based on an effort to thwart the Board's alleged attempt to deny taxpayers due process. PTAB's decision to reject the Board's motion to dismiss where the Board claims a failure to exhaust administrative remedies is based in law. One of PTAB's letter deci-

sions included in Merisant's brief cites to an Attorney General opinion addressing the issue of whether a board of review may establish rules requiring taxpayers to submit specific evidence before filing a complaint for review of an assessment. The Attorney General concluded "specific types" of evidence (specifically, an independent appraisal) could not be required because to do so would place an unreasonable burden on the taxpayer's right to be heard. See 1991 Ill. Att'y Gen. Op. 87. Further, section 16—160 did not speak to dismissals for failure to comply with the Board's rules requiring the presentation of specific evidence. Section 16—160 does, however, speak clearly to dismissal for failure to appear, and it states that the failure to appear "shall be grounds" to dismiss the appeal. Therefore, the situations are not analogous and Merisant's argument must fail.

Next, Merisant argues PTAB's rationale is arbitrary and unreasonable in that, where PTAB found the notice of hearing was clear in explaining that a failure to appear would result in no consideration of the complaint and that Merisant's absence caused "for all practical purposes a dismissal," a taxpayer would assume the Board would then issue a final decision and the taxpayer would then be allowed to appeal to PTAB. Merisant's argument appears to be based on those cases included in its brief where PTAB has found it had jurisdiction following a written dismissal by the Board of Review. Again, those cases involved the taxpayer's failure to present evidence in compliance with the Board's rules and not a failure to appear. Therefore, this argument must also fail.

The plain language of the statute provides that the failure to appear at hearing shall be grounds for dismissal. Here, it is uncontroverted that Merisant failed to appear. Accordingly, PTAB's order is affirmed.

## B. Failure To Set a New Hearing Date

■ Merisant alleges the Board of Review has enacted procedures in an attempt to "deny the taxpayer the ability to have a fair hearing on the merits and to obtain a fair assessment" while it has "acted reasonably and diligently to attempt to get the matter before the [Board of Review]." Merisant acknowledges that boards of review have authority to "make and publish reasonable rules" (35 ILCS 200/9—5 (West 2002)), but contends it is not reasonable to only allow a continuance when the Board is contacted immediately after receipt of the notice. Merisant further argues that "there must also be some reasonable application of those rules, to provide any due process to taxpayers." The rule at issue reads as follows:

"Failure to appear at hearing after notice shall result in the tentative valuation becoming final and SHALL NOT BE CONSID-

ERED AN EXHAUSTION OF REMEDIES FOR PURPOSES OF APPEAL OR OBJECTION." (Emphasis in original.)

Merisant argues the Board acted unreasonably because it presented legitimate grounds to reset its hearing and the Board had ample time to do so. The Board responds that "[t]he first opportunity [it] had to consider [Merisant's] request to reset the hearing was *** also the last day [it] had scheduled hearings" and therefore a new hearing could not be scheduled.

Merisant cites *Lake County Board of Review v. Property Tax Appeal Board*, 140 Ill. App. 3d 1042, 1051, 489 N.E.2d 446, 452 (1986), which held a reviewing court should interfere in an administrative agency's application of its rules "only if the interpretation is plainly erroneous or inconsistent with long-settled constructions." Here, Merisant offers no other constructions of this rule by either the Board of Review or another body for a determination of whether this construction is inconsistent with "long-settled constructions." Further, the Board has applied the rule precisely as it was written. Therefore, its application was not plainly erroneous.

Merisant also argues the Board "worked actively" to deny it due process, asserting the Board acted in a "calculating manner" in ignoring its motion to reset hearing. However, as has been shown, the Board simply acted in strict compliance with its rules. In *Pierce v. Illinois Educational Labor Relations Board*, 334 Ill. App. 3d 25, 36, 777 N.E.2d 570, 580 (2002), the First District addressed petitioner's argument that the agency's rules requiring the filing of exceptions within 21 days conflicted with his due process rights. The petitioner had failed to comply with the rule. The court held:

> " '[T]here is no due process violation in an administrative agency proceeding where the negligence or intentional conduct of a party results in the dismissal of its claim.' " *Pierce*, 334 Ill. App. 3d at 36, 777 N.E.2d at 580, quoting *Metz v. Illinois State Labor Relations Board*, 231 Ill. App. 3d 1079, 1093 (1992).

The court specifically found application of the rule was not arbitrary and its requirements were not onerous. Nothing suggests a similar conclusion should not result here. Accordingly, Merisant's argument must fail.

## CONCLUSION

Because we find (1) the rule of the Board of Review is not inherently unreasonable and it was followed as published and (2) the Property Tax Appeal Board decided consistently with past construc-

tions and decisions that it lacked jurisdiction, the order dismissing Merisant's appeal is affirmed.

Affirmed.

LYTTON and SLATER, JJ., concur.